```
 1              UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
 2                  GAINESVILLE DIVISION

 3

 4  UNITED STATES OF AMERICA,    )
                                )
 5              PLAINTIFF,       )
                                )
 6     -VS-                      ) DOCKET NO. 2:23-cr-00030-SCJ-1
                                )
 7  LYEDREKUS ONETAYE BAILEY,    )
                                )
 8              DEFENDANT.       )
    _____

 9

10           TRANSCRIPT OF GUILTY PLEA PROCEEDINGS
          BEFORE THE HONORABLE STEVE C. JONES
11              UNITED STATES DISTRICT JUDGE
                  FRIDAY, OCTOBER 6, 2023
12

13

14

15  APPEARANCES:

16  ON BEHALF OF THE GOVERNMENT:
            THEODORE S. HERTZBERG, ESQ.
17          NOAH SCHECHTMAN, ESQ.
            ASSISTANT UNITED STATES ATTORNEYS
18

19  ON BEHALF OF THE DEFENDANT:
            ADAM MARSHALL HAMES, ESQ.
20

21

22       VIOLA S. ZBOROWSKI, RDR, FAPR, CMR, CRR, RPR, CRC
        OFFICIAL COURT REPORTER TO THE HONORABLE STEVE C. JONES
23              UNITED STATES DISTRICT COURT
                    ATLANTA, GEORGIA
24                    404-215-1479
            VIOLA_ZBOROWSKI@GAND.USCOURTS.GOV
25
```

1           (HELD IN OPEN COURT AT 10:30 A.M.)

2           THE COURT:  Okay, Ms. Wright, go ahead and call the

3   case for the day.

4           THE DEPUTY CLERK:  Yes, sir.  The Court calls the

5   United States of America v. Lyedrekus Bailey, Criminal Case

6   No. 2:22-cr-48.

7           THE COURT:  Representing the government?

8           MR. HERTZBERG:  Good morning, Your Honor.  Theodore

9   Hertzberg for the United States, Assistant U.S. Attorney Noah

10  Schechtman was with me.  We left one document on the printer

11  so he's gone back to fetch it.  Also seated with us is Special

12  Agent Robert Cunningham from the Georgia Bureau of

13  Investigations.

14          THE COURT:  All right, good morning.

15          MR. HAMES:  Good morning, Your Honor.  Adam Hames for

16  Mr. Bailey this morning.

17          THE COURT:  Good morning, Mr. Hames.  And good

18  morning, Mr. Bailey.

19          I've been informed that you-all are going to be

20  withdrawing your plea of not guilty and entering a plea of

21  guilty this morning.  Is that the case?

22          MR. HAMES:  Your Honor, there's been a development

23  this morning.  Mr. Bailey would like to talk to you, the

24  Court, about his mental health, and, perhaps, a change of

25  counsel.

1          THE COURT:  I can deal with that.

2          I ask everybody to step out in the hall, please,

3   except for Mr. Hames and Mr. Bailey.

4          MR. SCHECHTMAN:  Your Honor, before we do step out,

5   if I can just say on the record, Mr. Bailey has changed

6   counsel once before.

7          THE COURT:  I'm quite aware of that.

8          MR. SCHECHTMAN:  I'm going to oppose that, and

9   whatever arguments we had since -- I don't know what the

10  arguments are going to be now -- still hold with respect to

11  Mr. Bailey not being entitled to counsel of choice, given

12  where he stands.

13         THE COURT:  All right.  Thank you.

14         MR. HAMES:  Your Honor, would you prefer to have him

15  say it from right there?

16         THE COURT:  He can stay right there.  He can stand

17  up.

18         THE WITNESS:  Yes, sir.

19         Your Honor, I wanted to talk to you about --

20  'cause I -- now, I'm going to try -- I mean, I was getting

21  ready to go to trial, and I didn't have no idea of me going to

22  trial.  I never told my lawyer that I wanted to go to trial,

23  and now I was going to trial, and all.  I had asked him that I

24  really wanted a mental health evaluation before I even made

25  any decision to -- to make a plea.  And the next thing I know,

1   I'm going to trial.  And I'm, like, well -- whenever I went to
2   court, like, last week, the week before, I didn't even know
3   until I'm in court and they, like, we need to pick a jury now
4   and this.  And I'm, like, where did this come from?  I ain't
5   understand it.

6        So I'm, like, I called my girl and I'm, like, Could
7   you call him and tell him, like, what is going on.  'Cause I
8   am not trying to go to trial -- never tried to.  So I'm not
9   understanding what's going on.  Never knew what was going on
10  about this trial, and all I wanted was a mental health
11  evaluation before I made a decision on the first plea.  And I
12  asked him -- I told him, you know, I don't think I'm fit for
13  it, like, without -- without having an evaluation.  And that's
14  all I asked.  The next thing I know, I'm going to trial.

15       So that's what got me confused.  Now I'm facing this
16  plea right here, and I had never knew -- I never knew what was
17  going on, period.

18       THE COURT:  Well, I don't know about that.  I was in
19  Gainesville with you about -- less than a month ago, and we
20  did a pretrial, conference, and you indicated then you wanted
21  a trial.  I can have the transcript pulled, if I need to.  And
22  there was nothing about a mental health evaluation or anything
23  like that.  So I'm here today to tell you, I am not inclined
24  to stop the trial set for the 23rd for a mental health
25  evaluation.  Don't take this personally, but I see this as a

1  delay, as you trying to delay the trial.

2       So we're prepared to have a trial for you in

3  Gainesville beginning at 9:30 on October 23rd.  You will have

4  12 jurors put in a box, and the government will be required to

5  prove the charges in the indictment against you beyond a

6  reasonable doubt.

7       You have a right to withdraw that and enter a plea.

8  I don't have any invested interest one way or the other.  I'm

9  here to make sure you have a fair justice in this Court, one

10 way or the other.  Yes, sir?

11      THE WITNESS:  I never wanted to go to trial.  I

12 always pleaded guilty from the beginning.  I always said I was

13 guilty from the beginning.  So I never understood where trial

14 came from.

15      THE COURT:  Well, I thought I was here today, this

16 morning, to withdraw your plea of not guilty and enter --

17      THE DEFENDANT:  I never was not guilty, never said I

18 was not guilty.  So that's why I'm saying --

19      THE COURT:  Here's the question I've got for you this

20 morning, Mr. Bailey:  Are you here this morning to withdraw

21 your plea of not guilty and enter a plea of guilty and go

22 through the plea colloquy for me to determine whether I will

23 accept the plea or not?  If you're saying you are, then I will

24 ask the government's lawyers back in, your family back in and

25 we'll proceed.

1     If not, I have a jury set to be in Hall County at

2  9:30 on October 23.

3     So what is it?

4     THE DEFENDANT:  I wanted to plead guilty, I know

5  that.

6     THE COURT:  Bring everybody back in then, and you can

7  proceed.

8     Mr. Hertzberg, will you verify the signature on the

9  guilty plea and plea agreement?

10     MR. HERTZBERG:  As soon as I get the document back,

11  Your Honor.

12     THE COURT:  And read the filed information as well.

13     MR. HERTZBERG:  Yes, Your Honor.

14     Your Honor, while the defendant is signing the

15  documents, do you want to take up the waiver of indictment

16  first or the plea agreement first?

17     THE COURT:  I'll let you know what I'm going to do.

18     MR. HERTZBERG:  Okay.  Verify both signatures on both

19  documents at the same time?

20     THE COURT:  Yes.

21     MR. SCHECHTMAN:  Thank you, Your Honor.  Sorry for my

22  confusion.

23     THE COURT:  No problem.

24     MR. SCHECHTMAN:  Your Honor, I have here a guilty

25  plea and plea agreement document.  This relates to criminal

1  case 2:23-cr-030.  On page 11 appears my signature, the

2  signature of my co-counsel, AUSA Schechtman, and an approving

3  official in our office, Olivia Skye Davis.

4      Mr. Bailey, is that your signature on the right side

5  of page 11 above your printed name?

6      THE DEFENDANT:  Yes, sir.

7      THE COURT:  Mr. Hames, is that your signature above

8  your printed name on the left side of page 11?

9      MR. HAMES:  It is.

10     MR. SCHECHTMAN:  On page 12 is the certification of

11  the defendant.

12     Mr. Bailey, is that your signature above your printed

13  name on page 12?

14     THE DEFENDANT:  Yes, sir.

15     MR. SCHECHTMAN:  On page 13 is a certification of

16  defense counsel.

17     Mr. Hames, is that your signature above your printed

18  on page 13?

19     MR. HAMES:  It is.

20     MR. SCHECHTMAN:  I also have, Your Honor, a waiver of

21  indictment document.  It reads:  "I, Lyedrekus Onetaye Bailey,

22  the above-named defendant who is accused of conspiracy to

23  distribute controlled substances, being advised of the nature

24  of the charge, the proposed information and of my rights,

25  hereby waive in open court on October 6, 2023, prosecution by

1  indictment, and consent the proceeding may be by information
2  rather than by indictment."

3          Mr. Bailey, is that your signature above your printed
4  name on the waiver of indictment form?

5          THE DEFENDANT:  Yes, sir.

6          MR. SCHECHTMAN:  And, Mr. Hames, is that your
7  signature above your name on the waiver of indictment form?

8          MR. HAMES:  It is.

9          MR. SCHECHTMAN:  Your Honor, the signatures have been
10 verified.  If I may approach, I'll tender both the waiver of
11 indictment and the guilty plea and plea agreement.

12         THE COURT:  You may approach.

13         Mr. Bailey, will you stand and raise your right hand.
14 Ms. Wright is going to administer an oath to you.

15                        * * * * * *

16               LYEDREKUS ONETAYE BAILEY,

17         having been duly sworn, testified as follows:

18                        * * * * * *

19         THE COURT:  Mr. Hertzberg, you can bring up the
20 documents.

21         MR. HERTZBERG:  Thank you, Your Honor.

22         THE COURT:  Thank you.

23         Mr. Bailey, before accepting your guilty plea, there
24 are a number of questions I must ask you to be sure it is a
25 valid plea.  If you do not understand any of my questions,

1    please say so.  This is essential to a valid plea that you

2    understand before you answer.  Will you agree to do that, sir?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Now, Mr. Bailey, you've just taken an

5    oath to tell the truth.  Do you understand your answers to my

6    questions will be subject to the penalty of perjury or making

7    a false statement if you try to answer untruthfully?

8              THE DEFENDANT:  Yes, sir.

9              THE COURT:  How old are you, Mr. Bailey?

10             THE DEFENDANT:  Thirty-five.

11             THE COURT:  And how much education have you received?

12             THE DEFENDANT:  Maybe -- 9th grade, maybe.

13             THE COURT:  The guilty plea and plea agreement, did

14   you read it or did you have someone read it to you?

15             THE DEFENDANT:  Yeah.  I mean, I didn't read it.

16             THE COURT:  Mr. Hames, did you read it to him?

17             MR. HAMES:  I did, Your Honor.

18             THE COURT:  Okay.  Mr. Bailey, after Mr. Hames read

19   the guilty plea and plea agreement to you, do you have any

20   questions about it?

21             THE DEFENDANT:  No.

22             COURT:  Okay.  Now, Mr. Bailey, have you taken any

23   kind of drugs, medicine, pills, or drunk any alcoholic

24   beverages in the past 24 hours?

25             THE DEFENDANT:  No, sir.

1    THE COURT:  Now, Mr. Bailey, do you understand that

2  if convicted, a defendant who is not a United States citizen

3  may be removed from the United States, denied citizenship, and

4  denied admission to the United States in the future?

5    Do you understand that?  In other words --

6    THE DEFENDANT:  Yes.

7    THE COURT:  -- if you are not a United States

8  citizen, as Mr. Hames just pointed out, you could be deported.

9  But if you're a United States citizen, then you don't have to

10  worry about this.

11    THE DEFENDANT:  Okay.

12    THE COURT:  Mr. Bailey, by pleading guilty, do you

13  understand you are giving up a number of rights you have under

14  the Constitution and the laws of the United States?  I have a

15  series of questions that I must ask you to be sure you

16  understand the rights you're giving up by pleading guilty here

17  this morning.  Do you understand that, sir?

18    THE DEFENDANT:  Yes, sir.

19    THE COURT:  Do you understand that under the

20  Constitution and the laws of the United States, you are

21  entitled to be charged in an indictment issued by the grand

22  jury rather by means or information filed by the United States

23  attorney?  Do you understand that?

24    You have a right to be indicted by a grand jury.

25    THE DEFENDANT:  Yes, sir.

1      THE COURT:  Other than the plea agreement, has anyone

2  made a promise to you that caused you to give up your right to

3  be indicted by the grand jury?  Has anybody promised you

4  anything in order to get you to give up your right to be

5  indicted by a grand jury?

6      THE DEFENDANT:  I guess so, Your Honor.

7      (The witness confers with his attorney.)

8      THE DEFENDANT:  No.

9      THE COURT:  Has anyone threatened you or forced you

10  to give up your right to be indicted by the grand jury?  Is

11  anybody making you plead guilty to this information filed by

12  the United States Attorney's Office?

13      THE DEFENDANT:  No, sir.

14      THE COURT:  Are you giving up your right to be

15  indicted by the grand jury freely and voluntarily?

16      THE DEFENDANT:  Yes, sir.

17      THE COURT:  Mr. Hames, are you satisfied that your

18  client is knowingly and intelligently waiving his right to be

19  indicted by the grand jury?

20      MR. HAMES:  I am, Your Honor.

21      THE COURT:  Mr. Bailey, do you understand, under the

22  Constitution and laws of the United States, you have a right

23  to plead not guilty and maintain your plea of not guilty to

24  and through a trial by jury?

25      THE DEFENDANT:  Yes, sir.

1          THE COURT:  Do you understand that you are entitled

2    to a speedy and public trial by a jury or judge on the charge

3    or charges contained in the information?  That we have a jury

4    trial set up for you on October 23?  Do you understand that

5    you are entitled to a speedy and public trial by a jury or

6    judge on the charge or charges contained in the information?

7    Do you understand that?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Do you understand you have the right to

10   have an attorney assist you throughout the trial in the case?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand at trial you would be

13   presumed innocent, and the government would have to overcome

14   that presumption with admissible evidence and proof beyond a

15   reasonable doubt?  Do you understand that, Mr. Bailey?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Do you understand that you would not have

18   to prove that you were innocent, and the burden of proof lies

19   with the United States to prove your guilt beyond a reasonable

20   doubt from the charge or charges in this information?  Do you

21   understand that?

22         (The defendant confers with his attorney.)

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Do you understand that you have the right

25   at trial to subpoena witnesses and compel their appearance in

1  court on your behalf?

2          (The defendant confers with his attorney.)

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  Do you understand that during the course

5  of the trial, the witnesses for the government have to come to

6  court and testify in your presence?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you understand your counsel,

9  Mr. Hames, could cross-examine the witnesses for the

10 government, object to evidence offered by the government, and

11 offer evidence on your behalf?

12         THE DEFENDANT:  Yes, sir.

13         THE COURT:  Do you understand also at trial you have

14 a right to testify if you choose to do so, and you also have a

15 right not to testify?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Yes?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you understand you have the right at

20 trial to have a jury, all 12 jurors render a unanimous verdict

21 before you could be convicted?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  If I accept your plea, do you understand

24 that you will waive your right to a trial?

25         THE DEFENDANT:  Yes, sir.

1       THE COURT:  Do you understand there will be no trial,

2  and I will simply enter a judgment of guilty and sentence you

3  on the basis of your guilty plea?

4       THE DEFENDANT:  Yes, sir.

5       THE COURT:  By pleading guilty, do you also

6  understand you would have to waive your right not to

7  incriminate yourself, because I will have to ask you questions

8  about what you did in order to satisfy myself that you are

9  guilty as charged, and you also have to admit your guilt?

10      THE DEFENDANT:  Yes, sir.

11      THE COURT:  Are you willing to waive and give up your

12  right to a trial and other rights I just discussed with you?

13      THE DEFENDANT:  Yes, sir.

14      THE COURT:  Has anybody used any force, threat of

15  force, or made you come here this morning to enter this plea

16  of guilty?

17      THE DEFENDANT:  No, sir.

18      THE COURT:  Are you entering this plea of guilty

19  freely and voluntarily?

20      THE DEFENDANT:  Yes, sir.

21      THE COURT:  Mr. Hertzberg, at this time I ask you to

22  summarize the terms of the plea agreement in this case.

23      MR. SCHECHTMAN:  Yes, Your Honor.

24      In paragraph one of the plea agreement, the defendant

25  admits that he is pleading guilty because he is, in fact,

1  guilty of the crime charged in the information.

2        Paragraphs two through six set forth the trial rights

3  that the defendant is waiving by pleading guilty.

4        Paragraph seven sets forth the statutory penalties

5  for the offense to which the defendant is pleading guilty.

6        Paragraph 10 provides that the government will

7  dismiss the indictment in Case No. 2:22-cr-48 upon entry of

8  the judgment and commitment order in this case, 2:23-cr-30.

9        Paragraph 11 memorializes my office's agreement not

10 to bring further criminal charges against the defendant that

11 are related to the charge to which he is pleading guilty

12 today.

13       Paragraph 13 stipulates that the defendant's criminal

14 activity involved approximately 102 grams of a fentanyl

15 mixture and 112 grams of a heroin mixture.

16       Paragraph 14 provides for the government's agreement

17 to recommend the maximum adjustment for acceptance of

18 responsibility -- excuse me -- provides for the defendant to

19 receive an adjustment for acceptance of responsibility to the

20 maximum extent permitted by the guideline, unless the

21 defendant hereafter engages in conduct inconsistent with

22 accepting responsibility.

23       Paragraphs 17 and 18 set forth the parties'

24 respective sentencing recommendations, namely, the government

25 agrees to recommend that the defendant be sentenced to 235

months of imprisonment as long as the defendant does not
engage in conduct inconsistent with accepting responsibility
as set forth more fully in paragraph 14.

Paragraph 18 provides for the defendant's
recommendation that he be sentenced to 188 months of
imprisonment.

Paragraphs 19 through 26 relate to forfeiture,
monetary penalties, and defendant's financial disclosure
obligations.

Paragraph 28 contains a limited waiver of appeal,
which I would like to read into the record verbatim,
especially because it is somewhat different than the standard
waiver of appeal.  It reads:  "Limited waiver of appeal.  To
the maximum extent permitted by federal law, the defendant
voluntarily and expressly waives the right to appeal his
conviction and sentence, and the right to collateral attack
his conviction and sentence in any post-conviction proceeding,
including, but not limited to, motions filed pursuant to
28 U.S.C. § 2255 on any ground, except that the defendant may
file a direct appeal of any term of imprisonment greater than
235 months.

"Claims that the defendant's counsel rendered
constitutionally ineffective assistance are excepted from this
waiver.

"The defendant understands that this plea agreement

1  does not limit the government's right to appeal, but if the

2  government initiates a direct appeal of the sentence imposed,

3  the defendant may file a cross appeal of that same sentence."

4           The distinction in this waiver of appeal, as opposed

5  to the standard waiver of appeal, is that it provides for a

6  direct appeal only if the sentence of imprisonment is greater

7  than 235 months with respect to the sentencing component of

8  the waiver of appeal.  Ordinarily, it would be if there is any

9  upward departure or variance.  The parties anticipate to get

10 to 235, the Court may well need to upwardly depart or upwardly

11 vary, and doing so would not trigger a right to appeal unless

12 it exceeds 235 months as a result.

13          THE COURT:  Let me see if what I understand is

14 correct.

15          If the Court enters a sentence greater than what is

16 in the guidelines, vary up or depart upward, and as I

17 understand that they could appeal, you-all are saying that

18 part is not there, it has to be greater than 235?

19          MR. HERTZBERG:  That is correct, Your Honor.

20          THE COURT:  Yes.

21          MR. HERTZBERG:  And that's why I wanted to

22 memorialize that distinction.

23          The other standard exceptions, namely, ineffective

24 assistance or a cross-appeal, do remain in this waiver of

25 appeal --

1          THE COURT:  Okay.

2          MR. HERTZBERG:  -- paragraph.

3          There is a FOIA and Privacy Act waiver in paragraph

4    29.  And paragraph 30 is an integration clause stating that

5    there are no other agreements, promises, representations, or

6    understandings between the defendant and government except as

7    set forth in the plea agreement.

8          THE COURT:  Thank you, sir.

9          MR. HERTZBERG:  Thank you, Your Honor.

10          THE COURT:  Now, Mr. Bailey, you just heard

11    Mr. Hertzberg summarize and disclose the terms of the plea

12    agreement entered into between you, your attorney, and the

13    government.  Is the description in the plea agreement, as

14    summarized by Mr. Hertzberg, your understanding of the plea

15    agreement?

16          THE DEFENDANT:  Yeah, I understand.

17          THE COURT:  Is this the only plea agreement you

18    entered into with the government?

19          (The defendant confers with his attorney.)

20          THE DEFENDANT:  No.  Not that I know of, no.

21          THE COURT:  This is the only one?

22          (The defendant confers with his attorney.)

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Has anyone made a promise to you, other

25    than the plea agreement, that induced you to plead guilty here

1 today?  Has anybody promised you anything other than the plea

2 agreement to get you to plead guilty here today?

3      THE DEFENDANT:  No, sir.

4      THE COURT:  Mr. Hames, have you advised Mr. Bailey

5 concerning the legalities of his statements or confessions or

6 other evidence the government has against him?

7      MR. HAMES:  Yes, Your Honor.

8      THE COURT:  Is the defendant pleading guilty because

9 of any illegally-obtained evidence in the possession of the

10 government?

11      MR. HAMES:  No, Your Honor.

12      THE COURT:  Has the defendant told you anything about

13 medication, pills, drugs, alcohol, or any other factors that

14 may affect his actions here this morning?

15      MR. HAMES:  I have no such information, Your Honor.

16      THE COURT:  Have you reviewed the evidence in this

17 case and believe it is in your client's best interest to enter

18 a plea of guilty to the charge in this information?

19      MR. HAMES:  Absolutely, Your Honor.

20      THE COURT:  Have you made any promises to the

21 defendant of a particular sentence in the event of a plea of

22 guilty?  I understand you-all are arguing for 188 months, but

23 have you promised him or guaranteed him a particular sentence?

24      MR. HAMES:  No, Your Honor.

25      THE COURT:  Have you made any promise to him about

1  the amount of credit he might receive for any time he spent in

2  federal or state custody?

3        MR. HAMES:  Can you say that again?

4        THE COURT:  Have you made any promise to the

5  defendant of the amount of credit he will receive for any time

6  spent in federal or state custody?

7        MR. HAMES:  Your Honor, just to clarify why I ask.

8  Obviously, those kinds of questions come up.  But have I made

9  any promises to that?  Absolutely not, Your Honor.

10       THE COURT:  And the Court understands that Mr. Bailey

11 has been in custody, and the Bureau of Prisons will determine

12 how much credit he will receive.  And if there is a

13 disagreement about that, there is an appeal right back to the

14 Court.  Do you understand that, Mr. Bailey?

15       THE DEFENDANT:  No.

16       THE COURT:  In other words, the Bureau of Prisons

17 will determine how much credit you will receive for time you

18 spent before you get sentenced in this case in jail, and

19 they'll give you credit for that.  And if you and Mr. Hames

20 disagree with the amount of credit you should receive, then

21 you have the right to appeal back to the Court, to me.  Do you

22 understand that?

23       THE DEFENDANT:  Yes, sir.

24       THE COURT:  Mr. Hames, do you have any knowledge of

25 any other plea agreement other than the one Mr. Hertzberg

1  summarized here this morning?

2       THE DEFENDANT:  Not that will be entered into by my

3  client.

4       THE COURT:  Do you know of any reason why the Court

5  should not accept the plea of guilty being entered by

6  Mr. Bailey here this morning?

7       MR. HAMES:  No, Your Honor.

8       THE COURT:  Have you had sufficient time to discuss

9  this matter fully with your client, Mr. Bailey, prior to

10  entering a plea of guilty here today?

11       MR. HAMES:  Yes, sir.

12       THE COURT:  Thank you, Mr. Hames.

13       Mr. Bailey, do you feel you have had sufficient time

14  to think about and discuss this matter fully with your

15  attorney, Mr. Hames, before entering a plea of guilty here

16  this morning?

17       THE DEFENDANT:  No, sir.

18       THE COURT:  Okay.  Then in that case, we will set

19  this case for trial on October 23.  Thank you-all.

20       THE DEFENDANT:  I had enough time to talk to him.

21       THE COURT:  Everybody be seated.  I will ask this

22  question once again.

23       And let me say, before I ask the question, the Court

24  is prepared to have a trial on October 23 starting at 9:30 in

25  the United States District Court for the Gainesville Division.

1   I am not trying to force you to trial, Mr. Bailey.  If you

2   don't think you've had enough time to talk to your attorney,

3   Mr. Hames, we will give you that time.  And, Mr. Hertzberg,

4   are you ready to go to trial on October 23?

5                MR. SCHECHTMAN:  We are, Your Honor.

6                THE COURT:  So one more time.

7           Have you had sufficient time to talk to Mr. Hames

8   about your case before entering a plea of guilty here today?

9                THE DEFENDANT:  Yes, sir.

10               THE COURT:  All right.

11          Are you satisfied with the job Mr. Hames has done

12  representing you thus far?

13               THE DEFENDANT:  Yes, sir.

14               THE COURT:  At this time, I ask Mr. Hertzberg to

15  state the elements of the offense alleged in the information

16  to which the defendant is pleading guilty.

17               MR. HERTZBERG:  Your Honor, the information alleges a

18  violation of Title 21 § 846, conspiracy to possess a

19  controlled substance with intent to distribute or a conspiracy

20  to distribute a controlled substance.

21          It has two -- I'm sorry, it has three elements.

22          First, two or more people in some way agreed to try

23  to accomplish a shared and unlawful plan.

24          Second, the defendant knew the unlawful purpose of

25  the plan and willfully joined in it.

1    And third, the object of the plan was to distribute

2    controlled substances.  And to trigger the enhanced penalty

3    provisions of 21 U.S.C. § 241(b)(1)(B), the government would

4    also need to prove that the offense involved at least 40 grams

5    of a mixture or substance containing a detectable amount of

6    fentanyl or at least 100 grams of a mixture or substance

7    containing a detectable amount of heroin.

8         THE COURT:  Thank you, Mr. Hertzberg.

9         I want to go back and put on the record.  Mr. Bailey,

10   you understand, you can plead guilty at any point in time you

11   like in a case.  If you don't think you had enough time to

12   talk to Mr. Hames, you can always -- I will go forward.  You

13   told me you've had enough time, but I want the record to

14   reflect at this point in time the Court is saying, Hey, we

15   have a trial set for October 23.  If you don't think you have

16   enough time, then we won't go forward with the guilty plea

17   here this morning.

18        I ask Mr. Hertzberg, though, how long would this

19   offer -- and Mr. Schechtman -- sustain it?

20        MR. HERTZBERG:  If it's not accepted today, it is

21   going to be withdrawn, Your Honor.  But Mr. Bailey can

22   continue to plead guilty to the offenses charged in the

23   indictment, because that case will remain.

24        THE COURT:  And I want the record to reflect -- as I

25   thought about it, if you don't want to plead guilty this

morning, you can plead guilty any time you are ready as long

as you understand what the government just said, that this

offer they have here -- and I'm not involved in it one way or

other -- Mr. Hertzberg stated on the record it will be

withdrawn and you will proceed to trial on the indictment and

not the information.

     But, again, you don't have to go forward here this

morning on this plea of guilty.  If you say you didn't have

enough time, you don't have to go forward.  You can talk more

to Mr. Hames about it and plead guilty at any point in time

between now and October 23, even at the day of trial, as long

as you understand what Mr. Hertzberg just said.

     THE DEFENDANT:  Yeah.

     THE COURT:  Do you wish to proceed, just keep going

this morning with this plea?

     THE DEFENDANT:  What did you just say?  I really

didn't understand.

     THE COURT:  Say it again, Mr. Hertzberg.

     MR. HERTZBERG:  So what we're doing today is a guilty

plea to the criminal information in the 030 case.  If we don't

go through with this plea today to 030, it will not be filed.

We won't proceed on the information.  But the indictment,

2:22-cr-048, the original case that was brought last year,

will remain, and we'll go forward with the schedule and are

set for trial on the 23rd of this month.

1        What I understand the Court to be saying is that you,

2   Mr. Bailey, will continue to have the ability to change your

3   plea between now and the conclusion of that trial or not.  But

4   the 030 case will not be at issue, because that's either a

5   guilty plea this morning or we're back on track with the 048

6   case, where the choice is yours to plead guilty or proceed to

7   the conclusion of trial.  But at any time you can choose how

8   to proceed.  The Court is not forcing you, the government is

9   not forcing you, the choice is yours with essentially three

10  options:  Plead guilty to 030 today; go to trial on 048; or

11  plead guilty in 048 at the time of your choice.

12        THE COURT:  Mr. Hames.

13        MR. HAMES:  Your Honor, there is one key important

14  fact that is important to my client's clear understanding of

15  this, which is the indicted case has an 851 sentencing

16  enhancement and two prior convictions.  So if he goes forward

17  to trial or if he pleads to that indictment, he is looking at

18  a mandatory minimum 25-year sentence.

19        THE COURT:  That's true.

20        MR. HAMES:  And the Court has zero discretion to go

21  below that.

22        MR. HERTZBERG:  I have to correct the record on that.

23  Although there are two convictions that are noted in the

24  indictment, the defendant's charges are pursuant to 846 and

25  841, with the penalty provisions being 841(b)(1)(B) and

1  841(b)(1)(C).  The addition of that second conviction does not

2  elevate the mandatory minimum to 25 years.  What it does do is

3  it changes the five to 40 range under (b)(1)(B) to ten to

4  life; it changes the (b)(1)(C) range from zero to 20 to zero

5  to 30.  So there is no 25-year mandatory minimum because there

6  is no (b)(1)(A) count in the indictment.

7         THE COURT:  In other words, the mandatory minimum is

8  five now with the information and the maximum of 40; but the

9  indictment, the mandatory minimum is 10 with a maximum of

10  life.

11         MR. HERTZBERG:  That is correct, Your Honor.  And one

12  way in which this effects Mr. Bailey as well, potentially,

13  I'll say -- because I don't want to get ahead of the probation

14  office -- is the government believes that Mr. Bailey is a

15  career offender.  The career offender guideline, 4B1.1,

16  dictates the base offense level on the basis of the statutory

17  maximum.

18         So by changing the sentencing range from five to 40

19  to 10 to life and from zero to 20 to zero to 30, that could

20  affect Mr. Bailey's guideline range, because the statutory

21  maximum has changed.  So that's at play, but I just wanted to

22  correct my friend, Mr. Hames, because there is no 25-year

23  mandatory minimum at issue here, because there is no (b)(1)(A)

24  penalty provision.

25         THE COURT:  Thank you, Mr. Hertzberg.

1          Here is the question, Mr. Bailey and Mr. Hames.

2          Do you feel, Mr. Bailey, that you've had sufficient

3    time to think about and discuss this matter fully with your

4    attorney, Mr. Hames, before entering a plea of guilty?

5          (The defendant confers with his counsel.)

6          THE COURT:  Mr. Hames, what do you want to do?

7          MR. HAMES:  Your Honor, my client still wishes to go

8    forward with the plea.

9          THE COURT:  Is that correct, Mr. Bailey?

10         THE DEFENDANT:  Yes, sir.

11         THE COURT:  And have you had sufficient time to

12   discuss this matter with Mr. Hames before entering your plea

13   of guilty here this morning?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  And are you satisfied -- you indicated,

16   but I need to ask you again -- are you satisfied with the

17   representation Mr. Hames has done representing you thus far?

18         THE DEFENDANT:  No, not really.

19         THE COURT:  In that case --

20         THE DEFENDANT:  I don't want to go to trial, though.

21         THE COURT:  Mr. Bailey, I have to tell you this.  In

22   other words, if you're not satisfied with the job Mr. Hames

23   has done, then, you know, at this point in time, I have not

24   seen, you know, I can ask everybody out again -- but I'll tell

25   you, I haven't seen anything that Mr. Hames has not done.  But

1  you have a right to -- Mr. Hames is an appointed attorney.  So

2  you don't get to pick the attorney you get.  If you have

3  finances, you can hire whoever you want.  Of course, under the

4  law, you have a right to represent yourself.  It is probably

5  one of the biggest or the biggest mistake you would ever make

6  in your life considering what you are looking at.  You have

7  two Assistant United States Attorneys on the other side that

8  would be prosecuting you.  So, obviously, I do not advise you

9  to think about representing yourself.  If you do not have the

10 funds to hire your own attorney, then, again, what I have seen

11 so far, I have not seen anything -- of course, if you want to

12 try to tell me something Mr. Hames hasn't done, I'm willing to

13 listen.  But at this point in time, you don't get to pick who

14 your attorney will be.  That's appointed by the Court.

15        So if there something in particular you want to tell

16 me Mr. Hames has done or not done, I'll hear it.  If I agree

17 with you, I'll replace Mr. Hames.  If I don't agree with you,

18 Mr. Hames will remain your attorney.

19        So what do you want to do?

20        THE DEFENDANT:  I guess what I want to tell you

21 what --

22        THE COURT:  Well, I ask everybody to step outside.

23        THE DEFENDANT:  What I was saying when -- what I was

24 saying, like, when I was going to trial, I never know I was

25 going to trial.  Like, how is -- I am going to trial and not

knowing, sir?  That's where he was wrong.  I had a plea

before, that it came to me, and I'm telling -- I told him that

I really -- I just needed an evaluation, which maybe I don't

need.  I don't know.  But that's what I -- I ain't never

really wanted to turn down a plea to go to trial.  But now

I've got this plea that was way worse than the plea before.

And I was never trying to even have this problem with the DA

about no plea.  I just wanted to have an evaluation before I

made any decision.  But now -- now I'm forced with this plea,

either get life or take -- take 16 years from a plea deal --

from a plea deal that I didn't even -- that I really never --

I just wanted to talk to an evaluation (sic) before.  And I

told him -- I mean, the only thing he did was gave me a time

to -- when I had to take this plea.  But I ain't never really

wanted to go to trial, next thing you know, I'm going to

trial.  That's how I really feel.  He didn't represent me

right, because he didn't do what I -- like, he didn't do what

I asked when I asked to get evaluated.  And that's all I

wanted to do.  I never wanted to go to trial.

        THE COURT:  Thank you.

        Mr. Hames, do you want to respond?

        MR. HAMES:  Yes, Your Honor.  Recognizing the

privilege rule still attaches here, I will try to tread

somewhat carefully on this.

        THE COURT:  This part of the transcript will be

1   sealed.

2           (Transcript sealed.)

3               XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

4               XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

5   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

6   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

7   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

8   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

9   XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

10              XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

11  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

12  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

13  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

14  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

15  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

16  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

17  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

18  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

19  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

20  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

21  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

22  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

23  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

24  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

25  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

1 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

2 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

3 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

4 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

5 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

6 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

7 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

8 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

9 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

10 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

11 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

12 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

13 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

14 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

15 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

16 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

17 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

18 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

19 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

20 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

21 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

22 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

23 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

24 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

25 XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

1  XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

2  XXXXXXXXXXXX

3         XXXXXXXXXXXXXXXXXXXXXX

4         XXXXXXXXXXXXXXXXXX

5         XXXXXXXXXXXXXXXXXXXXXXXXX

6         XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

7         (End of sealed transcript.)

8         THE COURT:  Mr. Hertzberg, we will continue with the

9  plea.

10        Now, Mr. Bailey, Mr. Hertzberg outlined the elements

11 in this information and the charges against you.  Do you have

12 any questions about the charge against you, Mr. Bailey?

13        Mr. Hertzberg, will you do me a favor and stand up

14 and state those elements again please?

15        MR. HERTZBERG:  Yes, Your Honor.

16        So the elements of conspiracy to possess a controlled

17 substance with the intent to distribute or to distribute in

18 this case a controlled substance are threefold:  First, two or

19 more people in some way agreed to try to accomplish a shared

20 and unlawful plan.

21        Second, the defendant knew the unlawful purpose of

22 the plan and willfully joined in it.

23        And third, the object of the unlawful plan was to

24 distribute a controlled substance.  To trigger the enhanced

25 penalty provisions of 21 U.S.C. 841(b)(1)(B), which pertains

1   to the offense in the information, the government would also

2   need to prove that the offense involved at least 40 grams of a

3   mixture or substance containing a detectible amount of

4   fentanyl or at least 100 grams of a mixture or substance

5   containing a detectible amount of heroin.

6           THE COURT:  Thank you, Mr. Hertzberg.

7           Now, Mr. Bailey, have you talked to Mr. Hames about

8   the charge that Mr. Hertzberg just outlined and disclosed?

9           (The defendant confers with his attorney.)

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  You have talked about it.  Do you

12  understand what you're charged with doing?

13          (The defendant confers with his attorney.)

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  In your own words, tell me what you

16  understand you're charged with doing.  And forgive me for

17  pointing.

18          THE DEFENDANT:  I'm charged with selling heroin.

19          THE COURT:  Okay.

20          All right, at this time I ask Mr. Hertzberg to state

21  the maximum penalty and fine imposed as a result of plea of

22  guilty to this charge and any mandatory minimums.

23          MR. SCHECHTMAN:  Yes, Your Honor.

24          The maximum term of imprisonment is 40 years.  The

25  mandatory minimum is five.  The maximum term of supervised

1  release is life.  The minimum term is four years.  The maximum

2  fine is $50 million with no mandatory minimum.

3          Additionally, the defendant will be required to pay

4  $100 special assessment, and he may be ordered to pay

5  restitution and forfeit forfeitable property as set forth in

6  the information.

7          THE COURT:  Thank you, sir.

8          Mr. Hames, do you agree with that?

9          MR. HAMES:  Yes, Your Honor.

10         THE COURT:  Mr. Bailey, do you understand the maximum

11 and minimum penalties that may be imposed as a result of you

12 entering a plea of guilty to this information this morning?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Do you also understand that you might be

15 ordered to make restitution to any victim in this case?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Now, Mr. Bailey, the United States

18 Sentencing Commission has issued guidelines for judges to

19 follow in determining the sentence in a criminal case.

20         Have you and Mr. Hames talked about the Sentencing

21 Commission's guidelines?

22         (The defendants confers with his attorney.)

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  Do you understand it is not possible to

25 term the guidelines for your case until and after a

1  presence report has been completed and you and the

2  government have had the opportunity to challenge the facts

3  reported by the probation officer in the presentence report?

4  Do you understand that?

5          THE DEFENDANT:  Yes, sir.

6          THE COURT:  Do you also understand, after it has been

7  determined what guidelines apply to a case, the judge has the

8  authority in some circumstances to impose a sentence that is

9  less severe or more severe than the sentence called for by the

10 guidelines?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Do you understand that you and the

13 government -- do you understand that under some circumstances,

14 you or the government may appeal any sentence I may impose?

15         THE DEFENDANT:  Yes, sir.

16         THE COURT:  Do you understand, as part of your plea

17 agreement, you're giving up your right to appeal your sentence

18 unless there is an appeal by the government or there's a

19 direct appeal -- you may file a direct appeal to any term of

20 imprisonment greater than 235 months?  If I sentence you to

21 236 months, you can appeal that sentence; anything greater

22 than 235 months, you can appeal.  Do you understand that?

23         THE DEFENDANT:  Yes, sir.

24         THE COURT:  But if I sentence you to less than 235

25 months, you can't appeal unless the government files an appeal

1  or a claim of ineffective assistance of counsel is filed by

2  you.

3  THE DEFENDANT:  Okay.  Yes, sir.

4  THE COURT:  Do you understand that?

5  Do you also understand that you're giving up your

6  right to collaterally attack your conviction and sentence of

7  any post-conviction proceeding?

8  THE DEFENDANT:  Yes, sir.

9  (The defendant confers with his attorney.)

10  THE COURT:  Has anyone used any force, threat of

11  force, or made you come here this morning and give up your

12  right to appeal your sentence or conviction?

13  THE DEFENDANT:  No, sir.

14  THE COURT:  Other than the plea agreement, has anyone

15  promised you anything to cause you to give up your right to

16  appeal your sentence or conviction?

17  THE DEFENDANT:  No, sir.

18  THE COURT:  Are you giving up your right to appeal

19  freely and voluntarily?

20  THE DEFENDANT:  Yes, sir.

21  THE COURT:  Do you understand that in the federal

22  system, parole has been abolished, and that if you're

23  sentenced to prison, you will not be released on early parole?

24  Do you understand that?

25  THE DEFENDANT:  Yes, sir.

1    THE COURT:  Do you understand you may be sentenced to

2    a term of supervised release, and that if you violate

3    conditions of release, you can be sent back to prison for the

4    entire term of supervised release?

5            (The defendant confers with his attorney.)

6            THE DEFENDANT:  Yes, sir.

7            THE COURT:  Do you understand that if the sentence I

8    impose is more severe than what you expected, you would not

9    have a right to withdraw it and you would be bound by your

10   plea?  In other words, you would still be bound by your plea

11   and you have no right to withdraw it?

12           (The defendant confers with his attorney.)

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  Do you understand, if I do not accept the

15   sentencing and recommendation in your plea agreement, you

16   would still be bound by your plea and you will have no right

17   to withdraw it?

18           (The defendant confers with his attorney.)

19           THE DEFENDANT:  All right.  Yes, sir.

20           THE COURT:  At this, time, I ask Mr. Hertzberg to

21   summarize what the Government's evidence would be if this case

22   went to trial.

23           MR. HERTZBERG:  Your Honor, if the Government went to

24   trial on the information, it would prove the following by

25   admissible evidence and beyond reasonable doubt:

1    Beginning on a date unknown but at least on or about

2  October 15, 2020, and continuing through on or about March 12,

3  2021, the defendant, Lyedrekus Bailey a/k/a Lala, and others,

4  including, but not limited to, Torres Deshane Cantrell

5  (phonetic), Sayshir Arilono (phonetic), Terrell Bailey

6  (phonetic) and Sedrick Turner (phonetic), combined,

7  confederated, and agreed to distribute controlled substances.

8  The underlying conspiracies comprised largely of five separate

9  events, all of which occurred in the Northern District of

10  Georgia:

11    Four controlled purchases of drug mixtures containing

12  fentanyl, a Schedule II controlled substance, and a traffic

13  stop during which approximately 112 grams of heroin, a

14  Schedule I controlled substance, was seized.

15    The controlled purchases were conducted and video

16  recorded by a Georgia Bureau of Investigation special agent

17  acting in an undercover capacity on October 15, 2020,

18  November 3, 2020, December 15, 2020, and February 9, 2021, all

19  in Gainesville, Georgia.  The aforementioned traffic stop also

20  occurred in Hall County, Georgia, when sheriff's deputies

21  found approximately 4 ounces of heroin belonging to Bailey

22  inside the bra of Bailey's passenger Teaona Deck.

23    THE COURT:  Thank you, Mr. Hertzberg.

24    Mr. Bailey, you just heard the Assistant United

25  States Attorney summarize what the Government's evidence would

1 be if this case went to trial against you.

2        Do you agree with the prosecutor's summary of what

3 you did?

4        (The defendant confers with his attorney.)

5        THE DEFENDANT:  Yes, sir.  Yes, sir.

6        THE COURT:  Yes?

7        And are you, in fact, guilty, as alleged in the

8 charge in this criminal information?

9        (The defendant confers with his attorney.)

10       THE DEFENDANT:  Yes, I'm guilty, Your Honor.

11       THE COURT:  The Court finds there is a factual basis

12 for the plea of guilty.

13       Now, Mr. Bailey, is there any question I've asked you

14 or anything I said to you that you wish for me to repeat or

15 clarify in any manner?

16       THE DEFENDANT:  No, sir.

17       THE COURT:  At this time, I find the defendant

18 understands the charge and the consequences of his plea of

19 guilty.  I've observed the defendant during this proceeding.

20 He does not appear to be under the influence of any substance

21 that might affect his judgment or actions in any manner.

22       The Court finds the offer of the plea guilty to the

23 defendant's sole count of this information has a factual

24 basis.  It is free of any coercion or influence of any kind.

25 It is voluntarily made with full knowledge of the charge

1  against him and the consequences of his plea.

2          I further find the defendant is competent to

3  understand these proceedings and to enter a knowingly plea of

4  guilty.

5          I find there's been no promises of any kind made to

6  him by anyone, except as incorporated in the plea agreement as

7  set out in open court.

8          It is hereby ordered the plea of guilty to the

9  defendant's sole count of the information is accepted and

10 entered.

11         Mr. Bailey, you are hereby adjudged guilty of the

12 sole count of the information, and Ms. Wright will now

13 announce a sentencing date.

14         THE DEPUTY CLERK:  Yes, sir.  The sentencing is set

15 for January the 12th at 11 a.m. in Gainesville.

16         MR. HERTZBERG:  Your Honor, there were just two

17 clarifications that I hope you can make, and I don't think

18 this will affect the findings that you've already made.

19         With respect to the appellate waiver, the Court gave

20 two scenarios:  If the Court sentences Mr. Bailey to 236

21 months or if it sentences him to less than 235.  There is

22 something --

23         THE COURT:  I could sentence him to 235.

24         MR. HERTZBERG:  Exactly.  So I just want to make

25 sure, on the record, that Mr. Bailey does understand that if

1  the Court does sentence him to -- exactly to 235, there is no
2  right to appeal.  That's the first clarification.
3          THE COURT:  That's correct.
4          MR. HERTZBERG:  The second is the Court asked if my
5  recitation of the plea agreement was consistent with
6  Mr. Bailey's understanding of the plea agreement.  His answer
7  wasn't "yes."  It was, "I understand."  So I just want to
8  clarify that as well so there's no daylight in the record on
9  those two points.
10          THE COURT:  I think it was acceptable.  He said, "I
11  understand."  I took that as a yes.
12          MR. HAMES:  As did I, Your Honor.  As did I.
13          THE COURT:  Exactly.
14          Mr. Bailey, you understand that if I sentence you to
15  235 months of confinement, you cannot appeal; if I sentence
16  you to 236 months of confinement, you can appeal?
17          THE DEFENDANT:  Yes, sir.
18          THE COURT:  So 235 or less, you can't appeal;
19  anything greater than 235 you can appeal.
20          THE DEFENDANT:  Yes, sir.
21          THE COURT:  All right.
22          MR. HERTZBERG:  Thank you, Your Honor.  I apologize
23  for the --
24          THE COURT:  No problem.  That's why we're here.
25  Let's do it now.  I would rather get it right now than later.

1    Anything else for the Government?

2    MR. HERTZBERG:  No, Your Honor.

3    THE COURT:  Mr. Hames, anything else for the defense?

4    MR. HAMES:  Your Honor, may I just have one second?

5    THE COURT:  Yes.

6    MR. HAMES:  Nothing further, Your Honor.

7    THE COURT:  Thank you.  Everybody have a great week.

8    (The hearing concluded at 11:30 a.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3    UNITED STATES DISTRICT COURT

4    NORTHERN DISTRICT OF GEORGIA

5

6           I do hereby certify that the foregoing pages are a

7    true and correct transcript of the proceedings taken down by

8    me in the case aforesaid.

9           This the 6th day of October, 2023.

10

11

12

13

14

                         /s/Viola S. Zborowski _____
16                       VIOLA S. ZBOROWSKI,
                         RDR, FAPR, CMR, CRR, RPR, CRC
17                       OFFICIAL COURT REPORTER TO
                         THE HONORABLE STEVE C. JONES
18

19

20

21

22

23

24

25

## $

**$100** [1] - 34:4
**$50** [1] - 34:2

## /

**/S/VIOLA** [1] - 43:15

## 0

**030** [4] - 24:20, 24:21, 25:4, 25:10
**048** [3] - 25:5, 25:10, 25:11

## 1

**10** [3] - 15:6, 26:9, 26:19
**100** [2] - 23:6, 33:4
**102** [1] - 15:14
**10:30** [1] - 2:1
**11** [5] - 7:1, 7:5, 7:8, 15:9, 40:15
**112** [2] - 15:15, 38:13
**11:30** [1] - 42:8
**12** [5] - 5:4, 7:10, 7:13, 13:20, 38:2
**12TH** [1] - 40:15
**13** [3] - 7:15, 7:18, 15:13
**14** [2] - 15:16, 16:3
**15** [3] - 38:2, 38:17, 38:18
**16** [1] - 29:10
**17** [1] - 15:23
**18** [2] - 15:23, 16:4
**188** [2] - 16:5, 19:22
**19** [1] - 16:7

## 2

**20** [2] - 26:4, 26:19
**2020** [4] - 38:2, 38:17, 38:18
**2021** [2] - 38:3, 38:18
**2023** [2] - 7:25, 43:9
**21** [3] - 22:18, 23:3, 32:25
**2255** [1] - 16:19
**23** [7] - 6:2, 12:4, 21:19, 21:24, 22:4, 23:15, 24:11
**235** [15] - 15:25, 16:21, 17:7, 17:10, 17:12, 17:18, 35:20, 35:22, 35:24, 40:21, 40:23, 41:1, 41:15, 41:18, 41:19
**236** [3] - 35:21, 40:20, 41:16
**23RD** [2] - 4:24, 5:3, 24:25
**24** [1] - 9:24
**241(B)(1)(B** [1] - 23:3
**25** [1] - 26:2
**25-YEAR** [3] - 25:18, 26:5, 26:22
**26** [1] - 16:7
**28** [2] - 16:10, 16:19
**29** [1] - 18:4

**2:22-CR-048** [1] - 24:23
**2:22-CR-48** [2] - 2:6, 15:7
**2:23-CR-030** [1] - 7:1
**2:23-CR-30** [1] - 15:8

## 3

**3** [1] - 38:18
**30** [3] - 18:4, 26:5, 26:19

## 4

**4** [1] - 38:21
**40** [6] - 23:4, 26:3, 26:8, 26:18, 33:2, 33:24
**4B1.1** [1] - 26:15

## 6

**6** [1] - 7:25
**6TH** [1] - 43:9

## 8

**841** [1] - 25:25
**841(B)(1)(B** [2] - 25:25, 32:25
**841(B)(1)(C)** [1] - 26:1
**846** [2] - 22:18, 25:24
**851** [1] - 25:15

## 9

**9** [1] - 38:18
**9:30** [3] - 5:3, 6:2, 21:24
**9TH** [1] - 9:12

## A

**A.M** [1] - 2:1
**A.M** [2] - 40:15, 42:8
**A/K/A** [1] - 38:3
**ABILITY** [1] - 25:2
**ABOLISHED** [1] - 36:22
**ABOVE-NAMED** [1] - 7:22
**ABSOLUTELY** [2] - 19:19, 20:9
**ACCEPT** [4] - 5:23, 13:23, 21:5, 37:14
**ACCEPTABLE** [1] - 41:10
**ACCEPTANCE** [2] - 15:17, 15:19
**ACCEPTED** [2] - 23:20, 40:9
**ACCEPTING** [3] - 8:23, 15:22, 16:2
**ACCOMPLISH** [2] - 22:23, 32:19
**ACCUSED** [1] - 7:22
**ACT** [1] - 18:3
**ACTING** [1] - 38:17
**ACTIONS** [2] - 19:14, 39:21
**ACTIVITY** [1] - 15:14
**ADAM** [1] - 2:15

**ADDITION** [1] - 26:1
**ADDITIONALLY** [1] - 34:3
**ADJUDGED** [1] - 40:11
**ADJUSTMENT** [2] - 15:17, 15:19
**ADMINISTER** [1] - 8:14
**ADMISSIBLE** [2] - 12:14, 37:25
**ADMISSION** [1] - 10:4
**ADMIT** [1] - 14:9
**ADMITS** [1] - 14:25
**ADVISE** [1] - 28:8
**ADVISED** [2] - 7:23, 19:4
**AFFECT** [4] - 19:14, 26:20, 39:21, 40:18
**AFOREMENTIONED** [1] - 38:19
**AFORESAID** [1] - 43:8
**AGENT** [1] - 2:12
**AGENT** [1] - 38:16
**AGO** [1] - 4:19
**AGREE** [5] - 9:2, 28:16, 28:17, 34:8, 39:2
**AGREED** [3] - 22:22, 32:19, 38:7
**AGREEMENT** [26] - 6:9, 6:16, 6:25, 8:11, 9:13, 9:19, 11:1, 14:22, 14:24, 15:9, 15:16, 16:25, 18:7, 18:12, 18:13, 18:15, 18:17, 18:25, 19:2, 20:25, 35:17, 36:14, 37:15, 40:6, 41:5, 41:6
**AGREEMENTS** [1] - 18:5
**AGREES** [1] - 15:25
**AHEAD** [2] - 2:2, 26:13
**AIN'T** [3] - 4:4, 29:4, 29:14
**ALCOHOL** [1] - 19:13
**ALCOHOLIC** [1] - 9:23
**ALLEGED** [2] - 22:15, 39:7
**ALLEGES** [1] - 22:17
**AMERICA** [1] - 2:5
**AMOUNT** [7] - 20:1, 20:5, 20:20, 23:5, 23:7, 33:3, 33:5
**ANNOUNCE** [1] - 40:13
**ANSWER** [3] - 9:2, 9:7, 41:6
**ANSWERS** [1] - 9:5
**ANTICIPATE** [1] - 17:9
**APOLOGIZE** [1] - 41:22
**APPEAL** [35] - 16:10, 16:13, 16:15, 16:20, 17:1, 17:2, 17:3, 17:4, 17:5, 17:6, 17:8, 17:11, 17:17, 17:24, 17:25, 20:13, 20:21, 35:14, 35:17, 35:18, 35:19, 35:21, 35:22, 35:25, 36:12, 36:16, 36:18, 41:2, 41:15, 41:16, 41:18, 41:19
**APPEAR** [1] - 39:20
**APPEARANCE** [1] - 12:25
**APPELLATE** [1] - 40:19
**APPLY** [1] - 35:7

**APPOINTED**[2] - 28:1, 28:14
**APPROACH**[2] - 8:10, 8:12
**APPROVING**[1] - 7:2
**ARGUING**[1] - 19:22
**ARGUMENTS**[2] - 3:9, 3:10
**ARILONO**[1] - 38:5
**ASSESSMENT**[1] - 34:4
**ASSIST**[1] - 12:10
**ASSISTANCE**[3] - 16:23, 17:24, 36:1
**ASSISTANT**[3] - 2:9, 28:7, 38:24
**AT**[1] - 2:1
**ATTACHES**[1] - 29:23
**ATTACK**[2] - 16:16, 36:6
**ATTORNEY**[2] - 2:9, 38:25
**ATTORNEY**[25] - 10:23, 11:7, 12:10, 12:22, 13:2, 18:12, 18:19, 18:22, 21:15, 22:2, 27:4, 28:1, 28:2, 28:10, 28:14, 28:18, 33:9, 33:13, 34:22, 36:9, 37:5, 37:12, 37:18, 39:4, 39:9
**ATTORNEY'S**[1] - 11:12
**ATTORNEYS**[1] - 28:7
**AUSA**[1] - 7:2
**AUTHORITY**[1] - 35:8
**AWARE**[1] - 3:7

## B

**B)(1)(A**[2] - 26:6, 26:23
**B)(1)(B**[1] - 26:3
**B)(1)(C**[1] - 26:4
**BAILEY**[1] - 8:16
**BAILEY**[53] - 2:5, 2:16, 2:18, 2:23, 3:3, 3:5, 3:11, 5:20, 7:4, 7:12, 7:21, 8:3, 8:13, 8:23, 9:4, 9:9, 9:18, 9:22, 10:1, 10:12, 11:21, 12:15, 18:10, 19:4, 20:10, 20:14, 21:6, 21:9, 21:13, 22:1, 23:9, 23:21, 25:2, 26:12, 26:14, 27:1, 27:2, 27:9, 27:21, 32:10, 32:12, 33:7, 34:10, 34:17, 38:3, 38:5, 38:21, 38:24, 39:13, 40:11, 40:20, 40:25, 41:14
**BAILEY'S**[2] - 26:20, 38:22
**BAILEY'S**[1] - 41:6
**BASE**[1] - 26:16
**BASIS**[4] - 14:3, 26:16, 39:11, 39:24
**BEGINNING**[4] - 5:3, 5:12, 5:13, 38:1
**BEHALF**[2] - 13:1, 13:11
**BELIEVES**[1] - 26:14
**BELONGING**[1] - 38:21
**BELOW**[1] - 25:21
**BEST**[1] - 19:17

**BETWEEN**[4] - 18:6, 18:12, 24:11, 25:3
**BEVERAGES**[1] - 9:24
**BEYOND**[4] - 5:5, 12:14, 12:19, 37:25
**BIGGEST**[2] - 28:5
**BOUND**[3] - 37:9, 37:10, 37:16
**BOX**[1] - 5:4
**BRA**[1] - 38:22
**BRING**[3] - 6:6, 8:19, 15:10
**BROUGHT**[1] - 24:23
**BURDEN**[1] - 12:18
**BUREAU**[4] - 2:12, 20:11, 20:16, 38:16

## C

**CANNOT**[1] - 41:15
**CANTRELL**[1] - 38:4
**CAPACITY**[1] - 38:17
**CAREER**[2] - 26:15
**CAREFULLY**[1] - 29:24
**CASE**[27] - 2:3, 2:21, 7:1, 12:10, 14:22, 15:8, 19:17, 20:18, 21:18, 21:19, 22:8, 23:11, 23:23, 24:20, 24:23, 25:4, 25:6, 25:15, 27:19, 32:18, 34:15, 34:19, 34:25, 35:7, 37:21, 39:1, 43:8
**CASE**[2] - 2:5, 15:7
**CAUSED**[1] - 11:2
**CERTIFICATION**[2] - 7:10, 7:15
**CERTIFY**[1] - 43:6
**CHALLENGE**[1] - 35:2
**CHANGE**[2] - 2:24, 25:2
**CHANGED**[2] - 3:5, 26:21
**CHANGES**[2] - 26:3, 26:4
**CHANGING**[1] - 26:18
**CHARGE**[12] - 7:24, 12:2, 12:6, 12:20, 15:11, 19:18, 32:12, 33:8, 33:22, 39:8, 39:18, 39:25
**CHARGED**[7] - 10:21, 14:9, 15:1, 23:22, 33:12, 33:16, 33:18
**CHARGES**[7] - 5:5, 12:3, 12:6, 12:20, 15:10, 25:24, 32:11
**CHOICE**[4] - 3:11, 25:6, 25:9, 25:11
**CHOOSE**[2] - 13:14, 25:7
**CIRCUMSTANCES**[2] - 35:8, 35:13
**CITIZEN**[3] - 10:2, 10:8, 10:9
**CITIZENSHIP**[1] - 10:3
**CLAIM**[1] - 36:1
**CLAIMS**[1] - 16:22
**CLARIFICATION**[1] - 41:2
**CLARIFICATIONS**[1] - 40:17
**CLARIFY**[3] - 20:7, 39:15, 41:8

**CLAUSE**[1] - 18:4
**CLEAR**[1] - 25:14
**CLERK**[2] - 2:4, 40:14
**CLIENT**[4] - 11:18, 21:3, 21:9, 27:7
**CLIENT'S**[2] - 19:17, 25:14
**CMR**[1] - 43:16
**CO**[1] - 7:2
**CO-COUNSEL**[1] - 7:2
**COERCION**[1] - 39:24
**COLLATERAL**[1] - 16:16
**COLLATERALLY**[1] - 36:6
**COLLOQUY**[1] - 5:22
**COMBINED**[1] - 38:6
**COMMISSION**[1] - 34:18
**COMMISSION'S**[1] - 34:21
**COMMITMENT**[1] - 15:8
**COMPEL**[1] - 12:25
**COMPETENT**[1] - 40:2
**COMPLETED**[1] - 35:1
**COMPONENT**[1] - 17:7
**COMPRISED**[1] - 38:8
**CONCERNING**[1] - 19:5
**CONCLUDED**[1] - 42:8
**CONCLUSION**[2] - 25:3, 25:7
**CONDITIONS**[1] - 37:3
**CONDUCT**[2] - 15:21, 16:2
**CONDUCTED**[1] - 38:15
**CONFEDERATED**[1] - 38:7
**CONFERENCE**[1] - 4:20
**CONFERS**[15] - 11:7, 12:22, 13:2, 18:19, 18:22, 27:5, 33:9, 33:13, 34:22, 36:9, 37:5, 37:12, 37:18, 39:4, 39:9
**CONFESSIONS**[1] - 19:5
**CONFINEMENT**[2] - 41:15, 41:16
**CONFUSED**[1] - 4:15
**CONFUSION**[1] - 6:22
**CONSENT**[1] - 8:1
**CONSEQUENCES**[2] - 39:18, 40:1
**CONSIDERING**[1] - 28:6
**CONSISTENT**[1] - 41:5
**CONSPIRACIES**[1] - 38:8
**CONSPIRACY**[4] - 7:22, 22:18, 22:19, 32:16
**CONSTITUTION**[3] - 10:14, 10:20, 11:22
**CONSTITUTIONALLY**[1] - 16:23
**CONTAINED**[2] - 12:3, 12:6
**CONTAINING**[5] - 23:5, 23:7, 33:3, 33:5, 38:11
**CONTAINS**[1] - 16:10
**CONTINUE**[3] - 23:22, 25:2, 32:8
**CONTINUING**[1] - 38:2
**CONTROLLED**[12] - 7:23, 22:19,

22:20, 23:2, 32:16, 32:18, 32:24, 38:7, 38:11, 38:12, 38:14, 38:15
**CONVICTED** [2] - 10:2, 13:21
**CONVICTION** [8] - 16:16, 16:17, 26:1, 36:6, 36:7, 36:12, 36:16
**CONVICTIONS** [2] - 25:16, 25:23
**CORRECT** [8] - 17:14, 17:19, 25:22, 26:11, 26:22, 27:9, 41:3, 43:7
**COUNSEL** [9] - 2:25, 3:6, 3:11, 7:2, 7:16, 13:8, 16:22, 27:5, 36:1
**COUNT** [4] - 26:6, 39:23, 40:9, 40:12
**COUNTY** [2] - 6:1, 38:20
**COURSE** [3] - 13:4, 28:3, 28:11
**COURT** [136] - 2:1, 2:2, 2:7, 2:14, 2:17, 3:1, 3:7, 3:13, 3:16, 4:18, 5:15, 5:19, 6:6, 6:12, 6:17, 6:20, 6:23, 7:7, 8:12, 8:19, 8:22, 9:4, 9:9, 9:11, 9:13, 9:16, 9:18, 9:22, 10:1, 10:7, 10:12, 10:19, 11:1, 11:9, 11:14, 11:17, 11:21, 12:1, 12:9, 12:12, 12:17, 12:24, 13:4, 13:8, 13:13, 13:17, 13:19, 13:23, 14:1, 14:5, 14:11, 14:14, 14:18, 14:21, 17:13, 17:20, 18:1, 18:8, 18:10, 18:17, 18:21, 18:24, 19:4, 19:8, 19:12, 19:16, 19:20, 19:25, 20:4, 20:10, 20:16, 20:24, 21:4, 21:8, 21:12, 21:18, 21:21, 22:6, 22:10, 22:14, 23:8, 23:24, 24:14, 24:18, 25:12, 25:19, 26:7, 26:25, 27:6, 27:9, 27:11, 27:15, 27:19, 27:21, 28:22, 29:20, 29:25, 32:8, 33:6, 33:11, 33:15, 33:19, 34:7, 34:10, 34:14, 34:17, 34:24, 35:6, 35:12, 35:16, 35:24, 36:4, 36:10, 36:14, 36:18, 36:21, 37:1, 37:7, 37:14, 37:20, 38:23, 39:6, 39:11, 39:17, 40:23, 41:3, 41:10, 41:13, 41:18, 41:21, 41:24, 42:3, 42:5, 42:7, 43:3, 43:17
**COURT** [6] - 4:2, 4:3, 7:25, 13:1, 13:6, 40:7
**COURT** [22] - 2:4, 2:24, 5:9, 17:10, 17:15, 20:10, 20:14, 20:21, 21:4, 21:23, 21:25, 23:14, 25:1, 25:8, 25:20, 28:14, 39:11, 39:22, 40:19, 40:20, 41:1, 41:4
**CRC** [1] - 43:16
**CREDIT** [6] - 20:1, 20:5, 20:12, 20:17, 20:19, 20:20
**CRIME** [1] - 15:1
**CRIMINAL** [6] - 6:25, 15:10, 15:13, 24:20, 34:19, 39:8
**CRIMINAL** [1] - 2:5

**CROSS** [3] - 13:9, 17:3, 17:24
**CROSS-APPEAL** [1] - 17:24
**CROSS-EXAMINE** [1] - 13:9
**CRR** [1] - 43:16
**CUNNINGHAM** [1] - 2:12
**CUSTODY** [3] - 20:2, 20:6, 20:11

## D

**DA** [1] - 29:7
**DATE** [2] - 38:1, 40:13
**DAVIS** [1] - 7:3
**DAYLIGHT** [1] - 41:8
**DEAL** [3] - 3:1, 29:10, 29:11
**DECEMBER** [1] - 38:18
**DECISION** [3] - 3:25, 4:11, 29:9
**DECK** [1] - 38:22
**DEFENDANT** [80] - 5:17, 6:4, 7:6, 7:14, 8:5, 9:3, 9:8, 9:10, 9:12, 9:15, 9:21, 9:25, 10:6, 10:11, 10:18, 10:25, 11:6, 11:8, 11:13, 11:16, 11:25, 12:8, 12:11, 12:16, 12:23, 13:3, 13:7, 13:12, 13:16, 13:18, 13:22, 13:25, 14:4, 14:10, 14:13, 14:17, 14:20, 18:16, 18:20, 18:23, 19:3, 20:15, 20:23, 21:2, 21:17, 21:20, 22:9, 22:13, 24:13, 24:16, 27:10, 27:14, 27:18, 27:20, 28:20, 28:23, 33:10, 33:14, 33:18, 34:13, 34:16, 34:23, 35:5, 35:11, 35:15, 35:23, 36:3, 36:8, 36:13, 36:17, 36:20, 36:25, 37:6, 37:13, 37:19, 39:5, 39:10, 39:16, 41:17, 41:20
**DEFENDANT** [42] - 6:14, 7:11, 7:22, 10:2, 12:22, 13:2, 14:24, 15:3, 15:5, 15:10, 15:18, 15:21, 15:25, 16:1, 16:14, 16:19, 16:25, 17:3, 18:6, 18:19, 18:22, 19:8, 19:12, 19:21, 20:5, 22:16, 22:24, 27:5, 32:21, 33:9, 33:13, 34:3, 36:9, 37:5, 37:12, 37:18, 38:3, 39:4, 39:9, 39:17, 39:19, 40:2
**DEFENDANT'S** [7] - 15:13, 16:4, 16:8, 16:22, 25:24, 39:23, 40:9
**DEFENDANTS** [1] - 34:22
**DEFENSE** [2] - 7:16, 42:3
**DELAY** [1] - 5:1
**DENIED** [2] - 10:3, 10:4
**DEPART** [2] - 17:10, 17:16
**DEPARTURE** [1] - 17:9
**DEPORTED** [1] - 10:8
**DEPUTIES** [1] - 38:20
**DEPUTY** [2] - 2:4, 40:14

**DESCRIPTION** [1] - 18:13
**DESHANE** [1] - 38:4
**DETECTABLE** [2] - 23:5, 23:7
**DETECTIBLE** [2] - 33:3, 33:5
**DETERMINE** [3] - 5:22, 20:11, 20:17
**DETERMINED** [1] - 35:7
**DETERMINING** [1] - 34:19
**DEVELOPMENT** [1] - 2:22
**DICTATES** [1] - 26:16
**DIFFERENT** [1] - 16:12
**DIRECT** [5] - 16:20, 17:2, 17:6, 35:19
**DISAGREE** [1] - 20:20
**DISAGREEMENT** [1] - 20:13
**DISCLOSE** [1] - 18:11
**DISCLOSED** [1] - 33:8
**DISCLOSURE** [1] - 16:8
**DISCRETION** [1] - 25:20
**DISCUSS** [4] - 21:8, 21:14, 27:3, 27:12
**DISCUSSED** [1] - 14:12
**DISMISS** [1] - 15:7
**DISTINCTION** [2] - 17:4, 17:22
**DISTRIBUTE** [8] - 7:23, 22:19, 22:20, 23:1, 32:17, 32:24, 38:7
**DISTRICT** [2] - 43:3, 43:4
**DISTRICT** [2] - 21:25, 38:9
**DIVISION** [1] - 21:25
**DOCUMENT** [4] - 2:10, 6:10, 6:25, 7:21
**DOCUMENTS** [3] - 6:15, 6:19, 8:20
**DONE** [7] - 22:11, 27:17, 27:23, 27:25, 28:12, 28:16
**DOUBT** [4] - 5:6, 12:15, 12:20, 37:25
**DOWN** [2] - 29:5, 43:7
**DRUG** [1] - 38:11
**DRUGS** [2] - 9:23, 19:13
**DRUNK** [1] - 9:23
**DULY** [1] - 8:17
**DURING** [3] - 13:4, 38:13, 39:19

## E

**EARLY** [1] - 36:23
**EDUCATION** [1] - 9:11
**EFFECTS** [1] - 26:12
**EITHER** [2] - 25:4, 29:10
**ELEMENTS** [5] - 22:15, 22:21, 32:10, 32:14, 32:16
**ELEVATE** [1] - 26:2
**END** [1] - 32:7
**ENGAGE** [1] - 16:2
**ENGAGES** [1] - 15:21
**ENHANCED** [2] - 23:2, 32:24
**ENHANCEMENT** [1] - 25:16

47

**ENTER** [7] - 5:7, 5:16, 5:21, 14:2, 14:15, 19:17, 40:3
**ENTERED** [5] - 18:12, 18:18, 21:2, 21:5, 40:10
**ENTERING** [8] - 2:20, 14:18, 21:10, 21:15, 22:8, 27:4, 27:12, 34:12
**ENTERS** [1] - 17:15
**ENTIRE** [1] - 37:4
**ENTITLED** [4] - 3:11, 10:21, 12:1, 12:5
**ENTRY** [1] - 15:7
**ESPECIALLY** [1] - 16:12
**ESSENTIAL** [1] - 9:1
**ESSENTIALLY** [1] - 25:9
**EVALUATED** [1] - 29:18
**EVALUATION** [8] - 3:24, 4:11, 4:13, 4:22, 4:25, 29:3, 29:8, 29:12
**EVENT** [1] - 19:21
**EVENTS** [1] - 38:9
**EVIDENCE** [9] - 12:14, 13:10, 13:11, 19:6, 19:9, 19:16, 37:21, 37:25, 38:25
**EXACTLY** [1] - 40:24
**EXACTLY** [2] - 41:1, 41:13
**EXAMINE** [1] - 13:9
**EXCEEDS** [1] - 17:12
**EXCEPT** [4] - 3:3, 16:19, 18:6, 40:6
**EXCEPTED** [1] - 16:23
**EXCEPTIONS** [1] - 17:23
**EXCUSE** [1] - 15:18
**EXPECTED** [1] - 37:8
**EXPRESSLY** [1] - 16:15
**EXTENT** [2] - 15:20, 16:14

## F

**FACING** [1] - 4:15
**FACT** [3] - 14:25, 25:14, 39:7
**FACTORS** [1] - 19:13
**FACTS** [1] - 35:2
**FACTUAL** [2] - 39:11, 39:23
**FAIR** [1] - 5:9
**FALSE** [1] - 9:7
**FAMILY** [1] - 5:24
**FAPR** [1] - 43:16
**FAR** [3] - 22:12, 27:17, 28:11
**FAVOR** [1] - 32:13
**FEBRUARY** [1] - 38:18
**FEDERAL** [4] - 16:14, 20:2, 20:6, 36:21
**FENTANYL** [4] - 15:14, 23:6, 33:4, 38:12
**FETCH** [1] - 2:11
**FILE** [3] - 16:20, 17:3, 35:19

**FILED** [6] - 6:12, 10:22, 11:11, 16:18, 24:21, 36:1
**FILES** [1] - 35:25
**FINANCES** [1] - 28:3
**FINANCIAL** [1] - 16:8
**FINDINGS** [1] - 40:18
**FINE** [2] - 33:21, 34:2
**FIRST** [6] - 4:11, 6:16, 22:22, 32:18, 41:2
**FIT** [1] - 4:12
**FIVE** [6] - 9:10, 26:3, 26:8, 26:18, 33:25, 38:8
**FOIA** [1] - 18:3
**FOLLOW** [1] - 34:19
**FOLLOWING** [1] - 37:24
**FOLLOWS** [1] - 8:17
**FORCE** [5] - 14:14, 14:15, 22:1, 36:10, 36:11
**FORCED** [2] - 11:9, 29:9
**FORCING** [2] - 25:8, 25:9
**FOREGOING** [1] - 43:6
**FORFEIT** [1] - 34:5
**FORFEITABLE** [1] - 34:5
**FORFEITURE** [1] - 16:7
**FORGIVE** [1] - 33:16
**FORM** [2] - 8:4, 8:7
**FORTH** [6] - 15:2, 15:4, 15:23, 16:3, 18:7, 34:5
**FORWARD** [7] - 23:12, 23:16, 24:7, 24:9, 24:24, 25:16, 27:8
**FOUR** [2] - 34:1, 38:11
**FREE** [1] - 39:24
**FREELY** [3] - 11:15, 14:19, 36:19
**FRIEND** [1] - 26:22
**FULL** [1] - 39:25
**FULLY** [4] - 16:3, 21:9, 21:14, 27:3
**FUNDS** [1] - 28:10
**FUTURE** [1] - 10:4

## G

**GAINESVILLE** [5] - 4:19, 5:3, 21:25, 38:19, 40:15
**GEORGIA** [1] - 43:4
**GEORGIA** [5] - 2:12, 38:10, 38:16, 38:19, 38:20
**GIRL** [1] - 4:6
**GIVEN** [1] - 3:11
**GOVERNMENT** [2] - 37:23, 42:1
**GOVERNMENT** [24] - 2:7, 5:4, 12:13, 13:5, 13:10, 15:6, 15:24, 17:2, 18:6, 18:13, 18:18, 19:6, 19:10, 23:3, 24:2, 25:8, 26:14, 33:1, 35:2, 35:13, 35:14, 35:18, 35:25

**GOVERNMENT'S** [2] - 37:21, 38:25
**GOVERNMENT'S** [3] - 5:24, 15:16, 17:1
**GRADE** [1] - 9:12
**GRAMS** [7] - 15:14, 15:15, 23:4, 23:6, 33:2, 33:4, 38:13
**GRAND** [7] - 10:21, 10:24, 11:3, 11:5, 11:10, 11:15, 11:19
**GREAT** [1] - 42:7
**GREATER** [7] - 16:20, 17:6, 17:15, 17:18, 35:20, 35:21, 41:19
**GROUND** [1] - 16:19
**GUARANTEED** [1] - 19:23
**GUESS** [2] - 11:6, 28:20
**GUIDELINE** [3] - 15:20, 26:15, 26:20
**GUIDELINES** [6] - 17:16, 34:18, 34:21, 34:25, 35:7, 35:10
**GUILT** [2] - 12:19, 14:9
**GUILTY** [66] - 2:20, 2:21, 5:12, 5:13, 5:16, 5:17, 5:18, 5:21, 6:4, 6:9, 6:24, 8:11, 8:23, 9:13, 9:19, 10:12, 10:16, 11:11, 11:23, 14:2, 14:3, 14:5, 14:9, 14:16, 14:18, 14:25, 15:1, 15:3, 15:5, 15:11, 18:25, 19:2, 19:8, 19:18, 19:22, 21:5, 21:10, 21:15, 22:8, 22:16, 23:10, 23:16, 23:22, 23:25, 24:1, 24:8, 24:10, 24:19, 25:5, 25:6, 25:10, 25:11, 27:4, 27:13, 33:22, 34:12, 39:7, 39:10, 39:12, 39:19, 39:22, 40:4, 40:8, 40:11

## H

**HALL** [1] - 3:2
**HALL** [2] - 6:1, 38:20
**HAMES** [25] - 2:15, 2:22, 3:14, 7:9, 7:19, 8:8, 9:17, 11:20, 19:7, 19:11, 19:15, 19:19, 19:24, 20:3, 20:7, 21:7, 21:11, 25:13, 25:20, 27:7, 29:22, 34:9, 41:12, 42:4, 42:6
**HAMES** [1] - 9:16
**HAMES** [39] - 2:15, 2:17, 3:3, 7:7, 7:17, 8:6, 9:18, 10:8, 11:17, 13:9, 19:4, 20:19, 20:24, 21:12, 21:15, 22:3, 22:7, 22:11, 23:12, 24:10, 25:12, 26:22, 27:1, 27:4, 27:6, 27:12, 27:17, 27:22, 27:25, 28:1, 28:12, 28:16, 28:17, 28:18, 29:21, 33:7, 34:8, 34:20, 42:3
**HAND** [1] - 8:13
**HEALTH** [5] - 2:24, 3:24, 4:10, 4:22, 4:24

**HEAR** [1] - 28:16
**HEARD** [2] - 18:10, 38:24
**HEARING** [1] - 42:8
**HELD** [1] - 2:1
**HEREAFTER** [1] - 15:21
**HEREBY** [4] - 7:25, 40:8, 40:11, 43:6
**HEROIN** [6] - 15:15, 23:7, 33:5, 33:18, 38:13, 38:21
**HERTZBERG** [20] - 2:8, 6:10, 6:13, 6:18, 8:21, 17:21, 18:2, 18:9, 22:17, 23:20, 24:19, 25:22, 26:11, 32:15, 37:23, 40:16, 40:24, 41:4, 41:22, 42:2
**HERTZBERG** [1] - 17:19
**HERTZBERG** [23] - 2:9, 6:8, 8:19, 14:21, 18:11, 18:14, 20:25, 22:3, 22:14, 23:8, 23:18, 24:4, 24:12, 24:18, 26:25, 32:8, 32:10, 32:13, 33:6, 33:8, 33:20, 37:20, 38:23
**HIRE** [2] - 28:3, 28:10
**HOLD** [1] - 3:10
**HONOR** [46] - 2:8, 2:15, 2:22, 3:4, 3:14, 3:19, 6:11, 6:13, 6:14, 6:21, 6:24, 7:20, 8:9, 8:21, 9:17, 11:6, 11:20, 14:23, 17:19, 18:9, 19:7, 19:11, 19:15, 19:19, 19:24, 20:7, 20:9, 21:7, 22:5, 22:17, 23:21, 25:13, 26:11, 27:7, 29:22, 32:15, 33:23, 34:9, 37:23, 39:10, 40:16, 41:12, 41:22, 42:2, 42:4, 42:6
**HONORABLE** [1] - 43:17
**HOPE** [1] - 40:17
**HOURS** [1] - 9:24

## I

**IDEA** [1] - 3:21
**II** [1] - 38:12
**ILLEGALLY** [1] - 19:9
**ILLEGALLY-OBTAINED** [1] - 19:9
**IMPORTANT** [2] - 25:13, 25:14
**IMPOSE** [3] - 35:8, 35:14, 37:8
**IMPOSED** [3] - 17:2, 33:21, 34:11
**IMPRISONMENT** [4] - 16:1, 16:6, 16:20, 17:6, 33:24, 35:20
**IN** [1] - 2:1
**INCLINED** [1] - 4:23
**INCLUDING** [2] - 16:18, 38:4
**INCONSISTENT** [2] - 15:21, 16:2
**INCORPORATED** [1] - 40:6
**INCRIMINATE** [1] - 14:7
**INDICATED** [2] - 4:20, 27:15
**INDICTED** [7] - 10:24, 11:3, 11:5, 11:10, 11:15, 11:19, 25:15

**INDICTMENT** [17] - 5:5, 6:15, 7:21, 8:1, 8:2, 8:4, 8:7, 8:11, 10:21, 15:7, 23:23, 24:5, 24:22, 25:17, 25:24, 26:6, 26:9
**INDUCED** [1] - 18:25
**INEFFECTIVE** [3] - 16:23, 17:23, 36:1
**INFLUENCE** [2] - 39:20, 39:24
**INFORMATION** [26] - 6:12, 7:24, 8:1, 10:22, 11:11, 12:3, 12:6, 12:20, 15:1, 19:15, 19:18, 22:15, 22:17, 24:6, 24:20, 24:22, 26:8, 32:11, 33:1, 34:6, 34:12, 37:24, 39:8, 39:23, 40:9, 40:12
**INFORMED** [1] - 2:19
**INITIATES** [1] - 17:2
**INNOCENT** [2] - 12:13, 12:18
**INSIDE** [1] - 38:22
**INTEGRATION** [1] - 18:4
**INTELLIGENTLY** [1] - 11:18
**INTENT** [1] - 22:19, 32:17
**INTEREST** [2] - 5:8, 19:17
**INVESTED** [1] - 5:8
**INVESTIGATION** [1] - 38:16
**INVESTIGATIONS** [1] - 2:13
**INVOLVED** [4] - 15:14, 23:4, 24:3, 33:2
**ISSUE** [2] - 25:4, 26:23
**ISSUED** [2] - 10:21, 34:18

## J

**JAIL** [1] - 20:18
**JANUARY** [1] - 40:15
**JOB** [2] - 22:11, 27:22
**JOINED** [2] - 22:25, 32:22
**JONES** [1] - 43:17
**JUDGE** [3] - 12:2, 12:6, 35:7
**JUDGES** [1] - 34:18
**JUDGMENT** [3] - 14:2, 15:8, 39:21
**JURORS** [2] - 5:4, 13:20
**JURY** [14] - 4:3, 6:1, 10:22, 10:24, 11:3, 11:5, 11:10, 11:15, 11:19, 11:24, 12:2, 12:3, 12:5, 13:20
**JUSTICE** [1] - 5:9

## K

**KEEP** [1] - 24:14
**KEY** [1] - 25:13
**KIND** [3] - 9:23, 39:24, 40:5
**KINDS** [1] - 20:8
**KNOWING** [1] - 29:1
**KNOWINGLY** [2] - 11:18, 40:3
**KNOWLEDGE** [2] - 20:24, 39:25

## L

**LALA** [1] - 38:3
**LARGELY** [1] - 38:8
**LAST** [2] - 4:2, 24:23
**LAW** [2] - 16:14, 28:4
**LAWS** [3] - 10:14, 10:20, 11:22
**LAWYER** [1] - 3:22
**LAWYERS** [1] - 5:24
**LEAST** [5] - 23:4, 23:6, 33:2, 33:4, 38:1
**LEFT** [2] - 2:10, 7:8
**LEGALITIES** [1] - 19:5
**LESS** [5] - 4:19, 35:9, 35:24, 40:21, 41:18
**LEVEL** [1] - 26:16
**LIES** [1] - 12:18
**LIFE** [6] - 26:4, 26:10, 26:19, 28:6, 29:10, 34:1
**LIMIT** [1] - 17:1
**LIMITED** [4] - 16:10, 16:13, 16:18, 38:4
**LISTEN** [1] - 28:13
**LOOKING** [2] - 25:17, 28:6
**LYEDREKUS** [1] - 8:16
**LYEDREKUS** [3] - 2:5, 7:21, 38:3

## M

**MAINTAIN** [1] - 11:23
**MANDATORY** [7] - 25:18, 26:2, 26:5, 26:7, 26:9, 26:23, 33:22, 33:25, 34:2
**MANNER** [2] - 39:15, 39:21
**MARCH** [1] - 38:2
**MATTER** [4] - 21:9, 21:14, 27:3, 27:12
**MAXIMUM** [12] - 15:17, 15:20, 16:14, 26:8, 26:9, 26:17, 26:21, 33:21, 33:24, 33:25, 34:1, 34:10
**MEAN** [3] - 3:20, 9:15, 29:13
**MEANS** [1] - 10:22
**MEDICATION** [1] - 19:13
**MEDICINE** [1] - 9:23
**MEMORIALIZE** [1] - 17:22
**MEMORIALIZES** [1] - 15:9
**MENTAL** [5] - 2:24, 3:24, 4:10, 4:22, 4:24
**MIGHT** [3] - 20:1, 34:14, 39:21
**MILLION** [1] - 34:2
**MINIMUM** [10] - 25:18, 26:2, 26:5, 26:7, 26:9, 26:23, 33:25, 34:1, 34:2, 34:11
**MINIMUMS** [1] - 33:22
**MISTAKE** [1] - 28:5

**MIXTURE** [6] - 15:15, 23:5, 23:6, 33:3, 33:4
**MIXTURES** [1] - 38:11
**MONETARY** [1] - 16:8
**MONTH** [2] - 4:19, 24:25
**MONTHS** [13] - 16:1, 16:5, 16:21, 17:7, 17:12, 19:22, 35:20, 35:21, 35:22, 35:25, 40:21, 41:15, 41:16
**MORNING** [25] - 2:8, 2:14, 2:15, 2:16, 2:17, 2:18, 2:21, 2:23, 5:16, 5:20, 10:17, 14:15, 19:14, 21:1, 21:6, 21:16, 23:17, 24:1, 24:8, 24:15, 25:5, 27:13, 34:12, 36:11
**MOTIONS** [1] - 16:18
**MR** [58] - 2:8, 2:15, 2:22, 3:4, 3:8, 3:14, 6:10, 6:13, 6:18, 6:21, 6:24, 7:9, 7:10, 7:15, 7:19, 7:20, 8:6, 8:8, 8:9, 8:21, 9:17, 11:20, 14:23, 17:19, 17:21, 18:2, 18:9, 19:7, 19:11, 19:15, 19:19, 19:24, 20:3, 20:7, 21:7, 21:11, 22:5, 22:17, 23:20, 24:19, 25:13, 25:20, 25:22, 26:11, 27:7, 29:22, 32:15, 33:23, 34:9, 37:23, 40:16, 40:24, 41:4, 41:12, 41:22, 42:2, 42:4, 42:6
**MUST** [2] - 8:24, 10:15

**N**

**NAME** [5] - 7:5, 7:8, 7:13, 8:4, 8:7
**NAMED** [1] - 7:22
**NAMELY** [2] - 15:24, 17:23
**NATURE** [1] - 7:23
**NEED** [7] - 4:3, 4:21, 17:10, 23:4, 27:16, 29:4, 33:2
**NEEDED** [1] - 29:3
**NEVER** [15] - 3:22, 4:8, 4:9, 4:16, 5:11, 5:13, 5:17, 28:24, 29:4, 29:7, 29:11, 29:14, 29:19
**NEXT** [3] - 3:25, 4:14, 29:15
**NOAH** [1] - 2:9
**NORTHERN** [1] - 38:9
**NORTHERN** [1] - 43:4
**NOTED** [1] - 25:23
**NOTHING** [2] - 4:22, 42:6
**NOVEMBER** [1] - 38:18
**NUMBER** [2] - 8:24, 10:13

**O**

**OATH** [2] - 8:14, 9:5
**OBJECT** [3] - 13:10, 23:1, 32:23
**OBLIGATIONS** [1] - 16:9
**OBSERVED** [1] - 39:19
**OBTAINED** [1] - 19:9

**OBVIOUSLY** [2] - 20:8, 28:8
**OCCURRED** [2] - 38:9, 38:20
**OCTOBER** [12] - 5:3, 6:2, 7:25, 12:4, 21:19, 21:24, 22:4, 23:15, 24:11, 38:2, 38:17, 43:9
**OF** [1] - 43:4
**OFFENDER** [2] - 26:15
**OFFENSE** [6] - 15:5, 22:15, 23:4, 26:16, 33:1, 33:2
**OFFENSES** [1] - 23:22
**OFFER** [4] - 13:11, 23:19, 24:3, 39:22
**OFFERED** [1] - 13:10
**OFFICE** [2] - 7:3, 26:14
**OFFICE** [1] - 11:12
**OFFICE'S** [1] - 15:9
**OFFICER** [1] - 35:3
**OFFICIAL** [1] - 43:17
**OFFICIAL** [1] - 7:3
**OLD** [1] - 9:9
**OLIVIA** [1] - 7:3
**ONCE** [2] - 3:6, 21:22
**ONE** [12] - 2:10, 5:8, 5:9, 14:24, 18:21, 20:25, 22:6, 24:3, 25:13, 26:11, 28:5, 42:4
**ONETAYE** [1] - 7:21
**ONETAYE** [1] - 8:16
**OPEN** [1] - 2:1
**OPEN** [2] - 7:25, 40:7
**OPPORTUNITY** [1] - 35:2
**OPPOSE** [1] - 3:8
**OPPOSED** [1] - 17:4
**OPTIONS** [1] - 25:10
**ORDER** [3] - 11:4, 14:8, 15:8
**ORDERED** [2] - 34:4, 34:15, 40:8
**ORDINARILY** [1] - 17:8
**ORIGINAL** [1] - 24:23
**OUNCES** [1] - 38:21
**OUTLINED** [2] - 32:10, 33:8
**OUTSIDE** [1] - 28:22
**OVERCOME** [1] - 12:13
**OWN** [2] - 28:10, 33:15

**P**

**PAGE** [7] - 7:1, 7:5, 7:8, 7:10, 7:13, 7:15, 7:18
**PAGES** [1] - 43:6
**PARAGRAPH** [12] - 14:24, 15:4, 15:6, 15:9, 15:13, 15:16, 16:3, 16:4, 16:10, 18:2, 18:3, 18:4
**PARAGRAPHS** [2] - 15:23, 16:7
**PARAGRAPHS** [1] - 15:2
**PAROLE** [2] - 36:22, 36:23

**PART** [3] - 17:18, 19:25, 35:16
**PARTICULAR** [3] - 19:21, 19:23, 28:15
**PARTIES** [1] - 17:9
**PARTIES'** [1] - 15:23
**PASSENGER** [1] - 38:22
**PAST** [1] - 9:24
**PAY** [2] - 34:3, 34:4
**PENALTIES** [3] - 15:4, 16:8, 34:11
**PENALTY** [6] - 9:6, 25:2, 25:25, 26:24, 32:25, 33:21
**PEOPLE** [2] - 22:22, 32:19
**PERHAPS** [1] - 2:24
**PERIOD** [1] - 4:17
**PERJURY** [1] - 9:6
**PERMITTED** [2] - 15:20, 16:14
**PERSONALLY** [1] - 4:25
**PERTAINS** [1] - 32:25
**PHONETIC** [4] - 38:5, 38:6
**PICK** [3] - 4:3, 28:2, 28:13
**PILLS** [2] - 9:23, 19:13
**PLAN** [6] - 22:23, 22:25, 23:1, 32:20, 32:22, 32:23
**PLAY** [1] - 26:21
**PLEA** [85] - 2:20, 3:25, 4:11, 4:16, 5:7, 5:16, 5:21, 5:22, 5:23, 6:9, 6:16, 6:25, 8:11, 8:23, 8:25, 9:1, 9:13, 9:19, 11:1, 11:23, 13:23, 14:3, 14:15, 14:18, 14:22, 14:24, 16:25, 18:7, 18:11, 18:13, 18:14, 18:17, 18:25, 19:1, 19:18, 19:21, 20:25, 21:5, 21:10, 21:15, 22:8, 23:16, 24:8, 24:15, 24:20, 24:21, 25:3, 25:5, 27:4, 27:8, 27:12, 29:1, 29:5, 29:6, 29:8, 29:9, 29:10, 29:11, 29:14, 32:9, 33:21, 34:12, 35:16, 36:14, 37:10, 37:15, 37:16, 39:12, 39:18, 39:22, 40:1, 40:3, 40:6, 40:8, 41:5, 41:6
**PLEAD** [13] - 6:4, 11:11, 11:23, 18:25, 19:2, 23:10, 23:22, 23:25, 24:1, 24:10, 25:6, 25:10, 25:11
**PLEADED** [1] - 5:12
**PLEADING** [9] - 10:12, 10:16, 14:5, 14:25, 15:3, 15:5, 15:11, 19:8, 22:16
**PLEADS** [1] - 25:17
**POINT** [5] - 23:10, 23:14, 24:10, 27:23, 28:13
**POINTED** [1] - 10:8
**POINTING** [1] - 33:17
**POINTS** [1] - 41:9
**POSSESS** [2] - 22:18, 32:16
**POSSESSION** [1] - 19:9

**POSSIBLE** [1] - 34:24
**POST** [2] - 16:17, 36:7
**POST-CONVICTION** [2] - 16:17, 36:7
**POTENTIALLY** [1] - 26:12
**PREFER** [1] - 3:14
**PREPARED** [2] - 5:2, 21:24
**PRESENCE** [1] - 13:6
**PRESENTENCE** [2] - 35:1, 35:3
**PRESUMED** [1] - 12:13
**PRESUMPTION** [1] - 12:14
**PRETRIAL** [1] - 4:20
**PRINTED** [5] - 7:5, 7:8, 7:12, 7:17, 8:3
**PRINTER** [1] - 2:10
**PRISON** [2] - 36:23, 37:3
**PRISONS** [2] - 20:11, 20:16
**PRIVACY** [1] - 18:3
**PRIVILEGE** [1] - 29:23
**PROBATION** [2] - 26:13, 35:3
**PROBLEM** [3] - 6:23, 29:7, 41:24
**PROCEED** [7] - 5:25, 6:7, 24:5, 24:14, 24:22, 25:6, 25:8
**PROCEEDING** [4] - 8:1, 16:17, 36:7, 39:19
**PROCEEDINGS** [2] - 40:3, 43:7
**PROMISE** [4] - 11:2, 18:24, 19:25, 20:4
**PROMISED** [4] - 11:3, 19:1, 19:23, 36:15
**PROMISES** [4] - 18:5, 19:20, 20:9, 40:5
**PROOF** [2] - 12:14, 12:18
**PROPERTY** [1] - 34:5
**PROPOSED** [1] - 7:24
**PROSECUTING** [1] - 28:8
**PROSECUTION** [1] - 7:25
**PROSECUTOR'S** [1] - 39:2
**PROVE** [6] - 5:5, 12:18, 12:19, 23:4, 33:2, 37:24
**PROVIDES** [5] - 15:6, 15:16, 15:18, 16:4, 17:5
**PROVISION** [1] - 26:24
**PROVISIONS** [3] - 23:3, 25:25, 32:25
**PUBLIC** [2] - 12:2, 12:5
**PULLED** [1] - 4:21
**PURCHASES** [2] - 38:11, 38:15
**PURPOSE** [2] - 22:24, 32:21
**PURSUANT** [2] - 16:18, 25:24
**PUT** [2] - 5:4, 23:9

## Q

**QUESTIONS** [8] - 8:24, 8:25, 9:6, 9:20, 10:15, 14:7, 20:8, 32:12

**QUITE** [1] - 3:7

## R

**RAISE** [1] - 8:13
**RANGE** [4] - 26:3, 26:4, 26:18, 26:20
**RATHER** [3] - 8:2, 10:22, 41:25
**RDR** [1] - 43:16
**READ** [7] - 6:12, 9:14, 9:15, 9:16, 9:18, 16:11
**READS** [2] - 7:21, 16:13
**READY** [3] - 3:21, 22:4, 24:1
**REALLY** [8] - 3:24, 24:16, 27:18, 29:3, 29:5, 29:11, 29:14, 29:16
**REASON** [1] - 21:4
**REASONABLE** [4] - 5:6, 12:15, 12:19, 37:25
**RECEIVE** [6] - 15:19, 20:1, 20:5, 20:12, 20:17, 20:20
**RECEIVED** [1] - 9:11
**RECITATION** [1] - 41:5
**RECOGNIZING** [1] - 29:22
**RECOMMEND** [2] - 15:17, 15:25
**RECOMMENDATION** [2] - 16:5, 37:15
**RECOMMENDATIONS** [1] - 15:24
**RECORD** [9] - 3:5, 16:11, 23:9, 23:13, 23:24, 24:4, 25:22, 40:25, 41:8
**RECORDED** [1] - 38:16
**REFLECT** [2] - 23:14, 23:24
**RELATE** [1] - 16:7
**RELATED** [1] - 15:11
**RELATES** [1] - 6:25
**RELEASE** [4] - 34:1, 37:2, 37:3, 37:4
**RELEASED** [1] - 36:23
**REMAIN** [4] - 17:24, 23:23, 24:24, 28:18
**REMOVED** [1] - 10:3
**RENDER** [1] - 13:20
**RENDERED** [1] - 16:22
**REPEAT** [1] - 39:14
**REPLACE** [1] - 28:17
**REPORT** [2] - 35:1, 35:3
**REPORTED** [1] - 35:3
**REPORTER** [1] - 43:17
**REPRESENT** [2] - 28:4, 29:16
**REPRESENTATION** [1] - 27:17
**REPRESENTATIONS** [1] - 18:5
**REPRESENTING** [4] - 2:7, 22:12, 27:17, 28:9
**REQUIRED** [2] - 5:4, 34:3
**RESPECT** [3] - 3:10, 17:7, 40:19
**RESPECTIVE** [1] - 15:24
**RESPOND** [1] - 29:21

**RESPONSIBILITY** [4] - 15:18, 15:19, 15:22, 16:2
**RESTITUTION** [2] - 34:5, 34:15
**RESULT** [3] - 17:12, 33:21, 34:11
**REVIEWED** [1] - 19:16
**RIGHTS** [5] - 7:24, 10:13, 10:16, 14:12, 15:2
**ROBERT** [1] - 2:12
**RPR** [1] - 43:16
**RULE** [1] - 29:23

## S

**SATISFIED** [5] - 11:17, 22:11, 27:15, 27:16, 27:22
**SATISFY** [1] - 14:8
**SAYSHIR** [1] - 38:5
**SCENARIOS** [1] - 40:20
**SCHECHTMAN** [12] - 3:4, 3:8, 6:21, 6:24, 7:10, 7:15, 7:20, 8:6, 8:9, 14:23, 22:5, 33:23
**SCHECHTMAN** [2] - 2:10, 7:2, 23:19
**SCHEDULE** [2] - 38:12, 38:14
**SCHEDULE** [1] - 24:24
**SEALED** [3] - 30:1, 30:2, 32:7
**SEATED** [2] - 2:11, 21:21
**SECOND** [5] - 22:24, 26:1, 32:21, 41:4, 42:4
**SEDRICK** [1] - 38:6
**SEE** [2] - 4:25, 17:13
**SEIZED** [1] - 38:14
**SELLING** [1] - 33:18
**SENT** [1] - 37:3
**SENTENCE** [26] - 14:2, 16:16, 16:17, 17:2, 17:3, 17:6, 17:15, 19:21, 19:23, 25:18, 34:19, 35:8, 35:9, 35:14, 35:17, 35:20, 35:21, 35:24, 36:6, 36:12, 36:16, 37:7, 40:23, 41:1, 41:14, 41:15
**SENTENCED** [5] - 15:25, 16:5, 20:18, 36:23, 37:1
**SENTENCES** [2] - 40:20, 40:21
**SENTENCING** [7] - 15:24, 17:7, 25:15, 26:18, 37:15, 40:13, 40:14
**SENTENCING** [2] - 34:18, 34:20
**SEPARATE** [1] - 38:8
**SERIES** [1] - 10:15
**SET** [13] - 4:24, 6:1, 12:4, 15:2, 15:23, 16:3, 18:7, 21:18, 23:15, 24:25, 34:5, 40:7, 40:14
**SETS** [1] - 15:4
**SEVEN** [1] - 15:4
**SEVERE** [3] - 35:9, 37:8
**SHARED** [2] - 22:23, 32:19

**SHERIFF'S** [1] - 38:20
**SIC** [1] - 29:12
**SIDE** [3] - 7:4, 7:8, 28:7
**SIGNATURE** [9] - 6:8, 7:1, 7:2, 7:4, 7:7, 7:12, 7:17, 8:3, 8:7
**SIGNATURES** [2] - 6:18, 8:9
**SIGNING** [1] - 6:14
**SIMPLY** [1] - 14:2
**SIX** [1] - 15:2
**SKYE** [1] - 7:3
**SOLE** [3] - 39:23, 40:9, 40:12
**SOMEONE** [1] - 9:14
**SOMEWHAT** [2] - 16:12, 29:24
**SOON** [1] - 6:10
**SORRY** [2] - 6:21, 22:21
**SPECIAL** [1] - 2:11
**SPECIAL** [2] - 34:4, 38:16
**SPEEDY** [2] - 12:2, 12:5
**SPENT** [3] - 20:1, 20:6, 20:18
**STAND** [3] - 3:16, 8:13, 32:13
**STANDARD** [3] - 16:12, 17:5, 17:23
**STANDS** [1] - 3:12
**STARTING** [1] - 21:24
**STATE** [5] - 20:2, 20:6, 22:15, 32:14, 33:20
**STATEMENT** [1] - 9:7
**STATEMENTS** [1] - 19:5
**STATES** [1] - 43:3
**STATES** [17] - 2:5, 2:9, 10:2, 10:3, 10:4, 10:7, 10:9, 10:14, 10:20, 10:22, 11:12, 11:22, 12:19, 21:25, 28:7, 34:17, 38:25
**STATING** [1] - 18:4
**STATUTORY** [1] - 15:4, 26:16, 26:20
**STAY** [1] - 3:16
**STEP** [3] - 3:2, 3:4, 28:22
**STEVE** [1] - 43:17
**STILL** [5] - 3:10, 27:7, 29:23, 37:10, 37:16
**STIPULATES** [1] - 15:13
**STOP** [3] - 4:24, 38:13, 38:19
**SUBJECT** [1] - 9:6
**SUBPOENA** [1] - 12:25
**SUBSTANCE** [12] - 22:19, 22:20, 23:5, 23:6, 32:17, 32:18, 32:24, 33:3, 33:4, 38:12, 38:14, 39:20
**SUBSTANCES** [3] - 7:23, 23:2, 38:7
**SUFFICIENT** [5] - 21:8, 21:13, 22:7, 27:2, 27:11
**SUMMARIZE** [4] - 14:22, 18:11, 37:21, 38:25
**SUMMARIZED** [2] - 18:14, 21:1
**SUMMARY** [1] - 39:2
**SUPERVISED** [3] - 33:25, 37:2, 37:4

**SUSTAIN** [1] - 23:19
**SWORN** [1] - 8:17
**SYSTEM** [1] - 36:22

## T

**TEAONA** [1] - 38:22
**TEN** [1] - 26:3
**TENDER** [1] - 8:10
**TERM** [8] - 16:20, 33:24, 33:25, 34:1, 34:25, 35:19, 37:2, 37:4
**TERMS** [2] - 14:22, 18:11
**TERRELL** [1] - 38:5
**TESTIFIED** [1] - 8:17
**TESTIFY** [3] - 13:6, 13:14, 13:15
**THE** [217] - 2:2, 2:4, 2:7, 2:14, 2:17, 3:1, 3:7, 3:13, 3:16, 3:18, 4:18, 5:11, 5:15, 5:17, 5:19, 6:4, 6:6, 6:12, 6:17, 6:20, 6:23, 7:6, 7:7, 7:14, 8:5, 8:12, 8:19, 8:22, 9:3, 9:4, 9:8, 9:9, 9:10, 9:11, 9:12, 9:13, 9:15, 9:16, 9:18, 9:21, 9:25, 10:1, 10:6, 10:7, 10:11, 10:12, 10:18, 10:19, 10:25, 11:1, 11:6, 11:8, 11:9, 11:13, 11:14, 11:16, 11:17, 11:21, 11:25, 12:1, 12:8, 12:9, 12:11, 12:12, 12:16, 12:17, 12:23, 12:24, 13:3, 13:4, 13:7, 13:8, 13:12, 13:13, 13:16, 13:17, 13:18, 13:19, 13:22, 13:23, 13:25, 14:1, 14:4, 14:5, 14:10, 14:11, 14:13, 14:14, 14:17, 14:18, 14:20, 14:21, 17:13, 17:20, 18:1, 18:8, 18:10, 18:16, 18:17, 18:20, 18:21, 18:23, 18:24, 19:3, 19:4, 19:8, 19:12, 19:16, 19:20, 19:25, 20:4, 20:10, 20:15, 20:16, 20:23, 20:24, 21:2, 21:4, 21:8, 21:12, 21:17, 21:18, 21:20, 21:21, 22:6, 22:9, 22:10, 22:13, 22:14, 23:8, 23:24, 24:13, 24:14, 24:16, 24:18, 25:12, 25:19, 26:7, 26:25, 27:6, 27:9, 27:10, 27:11, 27:14, 27:15, 27:18, 27:19, 27:20, 27:21, 28:20, 28:22, 28:23, 29:20, 29:25, 32:8, 33:6, 33:10, 33:11, 33:14, 33:15, 33:18, 33:19, 34:7, 34:10, 34:13, 34:14, 34:16, 34:17, 34:23, 34:24, 35:5, 35:6, 35:11, 35:12, 35:15, 35:16, 35:23, 35:24, 36:3, 36:4, 36:8, 36:10, 36:13, 36:14, 36:17, 36:18, 36:20, 36:21, 36:25, 37:1, 37:6, 37:7, 37:13, 37:14, 37:19, 37:20, 38:23, 39:5, 39:6, 39:10, 39:11,

39:16, 39:17, 40:14, 40:23, 41:3, 41:10, 41:13, 41:17, 41:18, 41:20, 41:21, 41:24, 42:3, 42:5, 42:7, 43:17
**THEODORE** [1] - 2:8
**THIRD** [2] - 23:1, 32:23
**THIRTY** [1] - 9:10
**THIRTY-FIVE** [1] - 9:10
**THREAT** [2] - 14:14, 36:10
**THREATENED** [1] - 11:9
**THREE** [2] - 22:21, 25:9
**THREEFOLD** [1] - 32:18
**THROUGHOUT** [1] - 12:10
**TITLE** [1] - 22:18
**TO** [1] - 43:17
**TODAY** [11] - 4:23, 5:15, 15:12, 19:1, 19:2, 21:10, 22:8, 23:20, 24:19, 24:21, 25:10
**TOOK** [1] - 41:11
**TORRES** [1] - 38:4
**TRACK** [1] - 25:5
**TRAFFIC** [2] - 38:12, 38:19
**TRANSCRIPT** [1] - 30:2
**TRANSCRIPT** [4] - 4:21, 29:25, 32:7, 43:7
**TREAD** [1] - 29:23
**TRIAL** [51] - 3:21, 3:22, 3:23, 4:1, 4:8, 4:10, 4:14, 4:21, 4:24, 5:1, 5:2, 5:11, 5:13, 11:24, 12:2, 12:4, 12:5, 12:10, 12:12, 12:25, 13:5, 13:13, 13:20, 13:24, 14:1, 14:12, 15:2, 21:19, 21:24, 22:1, 22:4, 23:15, 24:5, 24:11, 24:25, 25:3, 25:7, 25:10, 25:17, 27:20, 28:24, 28:25, 29:5, 29:15, 29:16, 29:19, 37:22, 37:24, 39:1
**TRIED** [1] - 4:8
**TRIGGER** [3] - 17:11, 23:2, 32:24
**TRUE** [2] - 25:19, 43:7
**TRUTH** [1] - 9:5
**TRY** [6] - 3:20, 9:7, 22:22, 28:12, 29:23, 32:19
**TRYING** [4] - 4:8, 5:1, 22:1, 29:7
**TURN** [1] - 29:5
**TURNER** [1] - 38:6
**TWO** [10] - 15:2, 22:21, 22:22, 25:16, 25:23, 28:7, 32:18, 40:16, 40:20, 41:9

## U

**U.S** [1] - 2:9
**U.S.C** [3] - 16:19, 23:3, 32:25
**UNANIMOUS** [1] - 13:20

**UNDER** [7] - 10:13, 10:19, 11:21, 26:3, 28:3, 35:13, 39:20
**UNDERCOVER** [1] - 38:17
**UNDERLYING** [1] - 38:8
**UNDERSTANDINGS** [1] - 18:6
**UNDERSTOOD** [1] - 5:13
**UNITED** [1] - 43:3
**UNITED** [17] - 2:5, 2:9, 10:2, 10:3, 10:4, 10:7, 10:9, 10:14, 10:20, 10:22, 11:12, 11:22, 12:19, 21:25, 28:7, 34:17, 38:24
**UNKNOWN** [1] - 38:1
**UNLAWFUL** [5] - 22:23, 22:24, 32:20, 32:21, 32:23
**UNLESS** [4] - 15:20, 17:11, 35:18, 35:25
**UNTRUTHFULLY** [1] - 9:7
**UP** [19] - 3:17, 6:15, 8:19, 10:13, 10:16, 11:2, 11:4, 11:10, 11:14, 12:4, 14:11, 17:16, 20:8, 32:13, 35:17, 36:5, 36:11, 36:15, 36:18
**UPWARD** [2] - 17:9, 17:16
**UPWARDLY** [2] - 17:10

## V

**VALID** [2] - 8:25, 9:1
**VARIANCE** [1] - 17:9
**VARY** [2] - 17:11, 17:16
**VERBATIM** [1] - 16:11
**VERDICT** [1] - 13:20
**VERIFIED** [1] - 8:10
**VERIFY** [2] - 6:8, 6:18
**VICTIM** [1] - 34:15
**VIDEO** [1] - 38:15
**VIOLA** [1] - 43:16
**VIOLATE** [1] - 37:2
**VIOLATION** [1] - 22:18
**VOLUNTARILY** [5] - 11:15, 14:19, 16:15, 36:19, 39:25

## W

**WAIVE** [4] - 7:25, 13:24, 14:6, 14:11
**WAIVER** [15] - 6:15, 7:20, 8:4, 8:7, 8:10, 16:10, 16:13, 16:24, 17:4, 17:5, 17:8, 17:24, 18:3, 40:19
**WAIVES** [1] - 16:15
**WAIVING** [2] - 11:18, 15:3
**WEEK** [3] - 4:2, 42:7
**WILLFULLY** [2] - 22:25, 32:22
**WILLING** [2] - 14:11, 28:12
**WISH** [2] - 24:14, 39:14
**WISHES** [1] - 27:7
**WITHDRAW** [6] - 5:7, 5:16, 5:20, 37:9, 37:11, 37:17
**WITHDRAWING** [1] - 2:20
**WITHDRAWN** [2] - 23:21, 24:5
**WITNESS** [1] - 11:7
**WITNESS** [2] - 3:18, 5:11
**WITNESSES** [3] - 12:25, 13:5, 13:9
**WORDS** [6] - 10:5, 20:16, 26:7, 27:22, 33:15, 37:10
**WORRY** [1] - 10:10
**WORSE** [1] - 29:6
**WRIGHT** [3] - 2:2, 8:14, 40:12

## X

XXXXXXXXXXX [1] - 32:2
XXXXXXXXXXXXXXXXX [1] - 32:4
XXXXXXXXXXXXXXXXXXXXX [1] - 32:3
[1] - 32:5
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXX [2] - 31:3, 31:4
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXX [1] - 31:24
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXX [1] - 30:3
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXX [1] - 32:6
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXX [1] - 31:15
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXX [1] - 31:9
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXX [2] - 31:16, 31:25
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXX [1] - 31:1
XXXXXXXXXXXXXXXXXXXXXXXX [3] - 30:6, 30:10, 31:10
XXXXXXXXXXXXXXXXXXXXXXXX [3] - 30:4, 31:2, 31:5
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXX [2] - 30:19, 31:19
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXX [1] - 31:6
XXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXX [3] - 30:5, 30:16, 30:23
XXXXXXXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX [4] - 30:9, 30:22, 31:12, 31:13
XXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXX [4] - 30:17, 31:8, 31:14, 31:21
XXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXX [6] - 30:12, 30:13, 30:15, 31:11, 31:17, 32:1
XXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX [6] - 30:7, 30:18, 30:20, 30:24, 31:20, 31:22
XXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX [8] - 30:8, 30:11, 30:14, 30:21, 30:25, 31:7, 31:18, 31:23

## Y

**YEAR** [1] - 24:23
**YEARS** [4] - 26:2, 29:10, 33:24, 34:1
**YOU-ALL** [4] - 2:19, 17:17, 19:22, 21:19
**YOURSELF** [3] - 14:7, 28:4, 28:9

## Z

**ZBOROWSKI** [1] - 43:15
**ZBOROWSKI** [1] - 43:16
**ZERO** [5] - 25:20, 26:4, 26:19

## §

**§** [3] - 16:19, 22:18, 23:3