# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

March 18, 2025

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  24-10288-GG
Case Style:  USA v. Lyedrekus Bailey
District Court Docket No:  2:23-cr-00030-SCJ-1

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. Among other things, **a petition for rehearing <u>must</u> include a Certificate of Interested Persons**. <u>See</u> 11th Cir. R. 40-3.

Costs
No costs are taxed.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, <u>see</u> FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10288

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LYEDREKUS ONETAYE BAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 2:23-cr-00030-SCJ-1

_____

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Lyedrekus Bailey appeals his conviction for conspiracy to distribute heroin and fentanyl, arguing that the district court plainly erred by finding that his plea was knowing and voluntary, because: (1) he was not fully informed of the consequences of his plea agreement, as evinced by his counsel's misstatement of the mandatory minimum of the charges in the indictment; (2) the court failed to take extra precautions in light of his mental health concerns and limited education; and (3) had he been fully informed of the consequences of his plea, he would have declined to enter a guilty plea under the plea agreement.

When a defendant fails to object to the plea colloquy and to his plea as defective in the district court, we review only for plain error. *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018). Under plain error review, the defendant has the burden of showing that there was (1) an error, (2) that was plain, and (3) that affected his substantial rights. *United States v. Monroe*, 353 F.3d 1346, 1349 (11th Cir. 2003). If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affected "the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quotation marks omitted). Furthermore, "a defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under [Federal Rule of Criminal Procedure]

11, must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). In addition, "[a]n error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

Before a district court can accept a guilty plea, it must inform the defendant of his rights should he plead not guilty, the nature of the charges against him, the potential penalties, the court's obligation to calculate his advisory guideline range, and any plea agreement provision waiving his right to appeal. *See* Fed. R. Crim. P. 11(b)(1)(B)–(E), (G)–(N). The court must also explain that a guilty plea waives the defendant's trial rights and ensure that the plea is entered voluntarily and is supported by a sufficient factual basis. *See* Fed. R. Crim. P. 11(b)(1)(F), (b)(2)-(3). Further, the court must explain that the defendant can be prosecuted for perjury for testifying falsely under oath. *See* Fed. R. Crim. P. 11(b)(1)(A).

In accepting a defendant's guilty plea, the district court must specifically address the three "core principles" of Rule 11 by "ensuring that a defendant: (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). In determining if the court met the core principles, we look to the entire record, not just the transcript of the plea colloquy. *United States v. Vonn*, 535 U.S. 55, 74 (2002).

Regarding the first core principle, Rule 11(b)(2) elaborates that the court must ensure that the plea did not result from "force, threats, or promises (other than promises in a plea agreement)." Fed. R. Crim. P. 11(b)(2). Whether the district court has complied with the second core principle "varies from case to case depending on the complexity of the charges and the defendant's intelligence and sophistication." *Presendieu*, 880 F.3d at 1238. For simple charges, it will usually suffice for the district court to read the indictment and allow the defendant to ask any questions that he may have about it. *Id.* at 1239. To comply with the third core principle, the district court must inform the defendant of the rights that he gives up by pleading guilty, the court's authority to impose certain punishments, the court's obligation to calculate his advisory guideline range while considering the 18 U.S.C. § 3553(a) factors, and the possibility of a perjury prosecution for false statements made during the plea colloquy. *Moriarty*, 429 F.3d at 1019; Fed. R. Crim. P. 11(b)(1). There is a strong presumption that statements made during the plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

Where the defendant failed to object to his plea before the district court, failure to strictly comply with Rule 11 does not necessarily implicate a core concern, nor does it require reversal if no prejudice is shown. *Monroe*, 353 F.3d at 1356. A court's failure to advise a defendant of each of the enumerated items, even if preserved, is harmless error if it does not affect the defendant's substantial rights. Fed. R. Crim. P. 11(h); *Dominguez Benitez*, 542 U.S. at 81.

For example, in *Moriarty*, the district court committed numerous Rule 11 violations, including failing to inform the defendant of the possibility of a perjury prosecution if he provided false information and his right to be represented by counsel. *Moriarty*, 429 F.3d at 1018. We held that these omissions, even when taken together, did not affect the defendant's substantial rights because he expressly admitted to his guilt without qualification, and there was no indication that he would have not pled guilty but for the Rule 11 errors. *Id.* at 1020.

Here, the district court did not plainly err by declining to postpone the plea proceedings based on Bailey's mental health evaluation request or by finding that Bailey's guilty plea was knowing and voluntary.

First, Bailey fails to demonstrate that the district court erred. *Monroe*, 353 F.3d at 1349. On appeal, Bailey argues that, because his counsel "did not have a correct understanding of [his] options at the time of the plea"—as evinced by his counsel's misstatement at the plea hearing and by his counsel's request for a lower sentence than required by the plea agreement in his initial sentencing memorandum—his plea could not have been knowing and voluntary. However, this claim is undermined by the record. In his initial sentencing memorandum, his counsel noted the average and median sentences for individuals sentenced under the same offense level and criminal history category, and requested that the district court "impose a reasonable sentence that [would] avoid an unwarranted sentencing disparity." In the amended sentencing memorandum,

his counsel reiterated the average and median sentences, but added that, while he could not explicitly ask the court to impose a sentence less than 188 months, the recommendations under the plea agreement were not binding on the court.  At his change of plea hearing, his counsel incorrectly stated that: (1) if Bailey did not plead guilty under the plea agreement, he would be subject to a mandatory minimum 25-year imprisonment sentence; and (2) the court had "zero discretion to go below that."  However, the government immediately corrected this misstatement and noted that Bailey would be subject to a 10-year mandatory minimum imprisonment sentence, not a 25-year mandatory minimum term.    The court also reiterated its understanding of the government's explanation, which the government confirmed was correct before reiterating that "there [was] no 25-mandatory minimum at issue."  Afterwards, Bailey expressed that he had sufficient time to discuss his case with his attorney and wished to proceed with the plea.  Thus, after his counsel misstated the mandatory minimum under the indictment, Bailey was informed of the correct mandatory minimum three times and offered more time to discuss his case, which he declined.  Accordingly, Bailey fails to demonstrate that the district court erred in this respect.

In addition, Bailey also argues that his "mental health concerns" and "limited education" contributed to his inability to understand the consequences of his plea.  In particular, he points to: (1) the history of substance abuse and mental health concerns detailed in the PSI, which concerned his family and himself; (2) his approximately ninth grade education; (3) his statement that his

counsel read his plea agreement to him; (4) his numerous conferences with his attorney during the plea hearing; and (5) his request for a medical evaluation. As to his or his family's history of substance abuse, he fails to explain how this was relevant to his entering a knowing and voluntary guilty plea, particularly as he and his counsel confirmed that he was not under the influence of any drugs or alcohol at the time of the hearing. The court also found that Bailey did not appear to be under the influence of any substance that might affect his judgment. Similarly, as to the mental health concerns detailed in the PSI and his request for a mental health evaluation, he fails to explain how his undiagnosed "depression and possibly anxiety" affected his ability to comprehend the plea proceedings. Moreover, at his plea hearing, his counsel denied observing "any inclination that . . . [he] suffered from some mental health illness or defect that would have precluded him from understanding the nature of the[ ] proceedings." While his counsel noted potential mental health concerns at the sentencing hearing, he clarified that he "ha[d] not seen any instance that would cause [him] to be concerned about [Bailey's] ability to understand the proceedings." Furthermore, at his plea hearing, Bailey's counsel noted that his desire for a mental health evaluation was "a relatively new development," and the court confirmed that Bailey "said nothing about any kind of evaluation" at his pretrial conference in the month prior. Thus, the court found that "the request for an evaluation [was] for purposes of delay."

That Bailey repeatedly conferred with his counsel before answering the court's questions does not demonstrate that the court

erred by finding his plea was knowing and voluntary, especially in light of his sworn statements confirming he understood the proceedings, denying the need for more time to discuss the case with his attorney, and rejecting the court's offer to repeat or clarify matters at the end of the hearing.  In addition, Bailey even informed the court of matters he did not understand during the hearing, which the court and the government subsequently explained to him.  As to his "limited education," Bailey fails to explain how his approximately ninth grade education affected his ability to understand the proceedings or how his intelligence is below average.  Instead, he relies on the bare fact that his counsel read the plea agreement to him and counseled him during the plea hearing, which, again, is negated by the sworn testimony at the hearing.  Thus, Bailey has also not demonstrated that the court erred in this respect.

Moreover, the court sufficiently addressed each of Rule 11's three core principles, as, after placing Bailey under oath, the court: (1) ensured his guilty plea was free from coercion; (2) confirmed that Bailey understood the nature of the charge against him and reviewed the information with his attorney; and (3) confirmed that Bailey understood the consequences of his guilty plea.  Fed. R. Crim. P. 11(b)(2); *Moriarty*, 429 F.3d at 1019.

As to the first core principle, the court confirmed that Bailey was freely and voluntarily pleading guilty, that no individual used force or threats of force to plead guilty, and that, aside from the plea agreement, there were no other promises made to him.

*Moriarty*, 429 F.3d at 1019; Fed. R. Crim. P. 11(b)(2).  Bailey also confirmed the same with regard to the waiver of his appellate rights.

As to the second core principle, the court confirmed that Bailey signed the plea agreement and reviewed it with his counsel. *Moriarty*, 429 F.3d at 1019; Fed. R. Crim. P. 11(b)(1)(G).  The government also summarized the contents of the plea agreement and Bailey confirmed that the summary reflected his understanding of the agreement.  After the government read the elements of the charge in the information twice, the court confirmed that Bailey understood the elements of the charge in the information that the government would have to prove beyond a reasonable doubt.  In addition, after the government read the factual basis for his charge, Bailey confirmed that the factual basis was true and that he was guilty of the acts alleged.

As to the third core principle, the court confirmed that Bailey understood the consequences of his plea. *Moriarty*, 429 F.3d at 1019.  In particular, the court confirmed that Bailey understood that he was waiving his right to: (1) be charged in an indictment by a grand jury rather than in an information; (2) plead not guilty; (3) a jury trial; (4) an attorney at trial; (5) a presumption of innocence and to have his charge proved beyond a reasonable doubt; (6) subpoena and cross examine witnesses; (7) offer evidence in his defense, including his own testimony; and (8) not incriminate himself. Fed. R. Crim. P. 11(b)(1)(B) (F).  The court also confirmed that Bailey understood that any false statement could result in additional

charges for perjury.  Fed. R. Crim. P. 11(b)(1)(A).  In addition, the court confirmed that Bailey understood the possible penalties of his guilty plea to the charge in the information, including the mandatory minimum and statutory maximum terms of imprisonment, fines, special assessments, restitution, forfeiture, and supervised release, which Bailey confirmed that he understood.  Fed. R. Crim. P. 11(b)(1)(H)-(L).  The court also explained that, at sentencing, it was required to calculate and consider the sentencing guideline range, but it could also enter a sentence outside the applicable guideline range.  Fed R. Crim. P. 11(b)(1)(M).  Bailey also confirmed that he discussed the sentencing guidelines with his attorney.  The court confirmed that there was an adequate factual basis for his guilty plea to the sole charge in the information.  In particular, the factual basis supported a finding that Bailey conspired with other individuals to distribute fentanyl and heroin on five separate occasions.

Second, even assuming that the district court erred, Bailey fails to show that this error was "plain." *Monroe*, 353 F.3d at 1349. While Bailey cites to various cases throughout his appellate briefs, he fails to cite to an "on-point precedent in this Court or the Supreme Court." *Schultz*, 565 F.3d at 1357.  Instead, he cites to general rules and caselaw concerning the obligations of a district court during a plea hearing and centers his arguments on factual assertions without any citations to on-point precedent that directly relate to the factual circumstances of his case.  Even though Bailey points to particular provisions of Rule 11, he fails to provide any explicit or on-point support as to why his construction of the provisions is correct or, alternatively, why the government's construction is

24-10288                  Opinion of the Court                       11

wrong.  Accordingly, Bailey's claims fail to demonstrate error that was "plain."  *Monroe*, 353 F.3d at 1349.

Third and finally, Bailey fails to demonstrate that the error, if any, affected his substantial rights.  *Monroe*, 353 F.3d at 1349.  On appeal, Bailey argues that, had he been properly informed of the consequences of his plea, he would have declined to enter a guilty plea under the plea agreement.  However, this assertion is refuted by the record, because, during his plea hearing, Bailey asserted that he: (1) "never wanted to turn down a plea deal and go to trial"; (2) "always ple[d] guilty from the beginning"; and (3) "wanted to plead guilty" at the hearing.  Moreover, as discussed above, Bailey was properly informed that, if he chose to not plead guilty under the plea agreement, his mandatory minimum would increase from five to ten years and his statutory maximum would increase from forty years to life imprisonment, and, notably, he continued to enter his guilty plea.  Thus, Bailey also fails to demonstrate how this error, if any, affected his substantial rights.  *Dominguez Benitez*, 542 U.S. at 83.  And, because Bailey's claims fail on the first three elements of the plain error standard, this Court need not reach the fourth.

**AFFIRMED.**